# WOODS
*v.*

# THE RICHMOND AND DANVILLE RAILROAD COMPANY.

NEW TRIAL; VERDICT, REMITTITUR OF.

1. It is within the sound discretion of a trial judge to set aside the verdict of a jury and grant a new trial, and an appellate court will not disturb his action unless it clearly appears that he exceeded the bounds of that discretion.
2. It is only in those cases where the findings of a jury may be separated into distinct parts, or where errors readily discernible and separable may have increased a finding, that the court will direct or permit a *remittitur* of a part of the verdict.

No. 27.    Submitted June 8, 1893.—Decided September 21, 1893.

HEARING on an appeal by the plaintiff from an order of the Supreme Court of the District of Columbia, holding a law term, setting aside a verdict against the defendant and ordering a new trial.    *Appeal dismissed.*

THE COURT in its opinion stated the case as follows :

This case comes before this court by transfer from the Supreme Court of the District, in General Term, on an appeal taken by the plaintiff, Thomas Woods, from an order of that court, in special term, setting aside a verdict for plaintiff and granting a new trial.

Plaintiff's suit is for danages for an injury received by him, resulting in the loss of a foot, at the defendant's station in Alexandria, Va.

The evidence on behalf of the plaintiff tends to show that he came to the station just before the arrival of the eight o'clock train, intending to take passage thereon for Washington, and stood upon the platform, under the shed, which runs alongside the main track and is the proper place provided for entry to the cars; that when the train stopped, he stepped upon the nearest coach platform and was in the act of open-

ing the door to enter when a great and sudden " jar " was given to the car, which threw him to the ground, upon the other side, in an unconscious condition, upon recovery from which he discovered that his foot had been badly crushed by the wheels of the car. He was taken to an hospital, where, on the next morning, his foot was removed by a surgeon in the employ of defendant.

There was no direct evidence of the cause of the alleged " jar," and to account for it plaintiff offered evidence tending to show a custom of defendant to change the engine of this train—called No. 51—at Alexandria. It was also shown that there was a sharp curve in the track just outside the shed at the end towards Washington, and when the train was a long one the engine had to stop at a point thereon which made it very difficult to couple the substituted engine to the next car, with the " Janney Coupler," then in use by defendant; so difficult in fact that the train had sometimes to be pushed back beyond the sharp turn of the curve before the coupling could be made at all.

The defendant offered the testimony of several witnesses tending to show that the train was an ordinary one of five cars; that it came in slowly, stopped the usual length of time, and left without changing its engine; that there was no " jar," and nothing to produce one; that just before the train stopped some one on the other side was heard to groan, as if hurt; and that immediately after it stopped plaintiff was found lying between the main and side tracks some ten or twelve feet to the rear of the end of the last car, from which place he was carried to the platform.

The jury found for the plaintiff, assessing his damages at thirteen thousand dollars.

The defendant moved for a new trial upon the grounds that the verdict was against the evidence and excessive. The motion was sustained, but whether upon either, or both, of these grounds, there is nothing in the record to show.

No offer was made at that time by the plaintiff to remit any portion of the damages found; but upon the hearing in

this court, it was suggested on his behalf, that if the court should be satisfied the verdict is in accordance with the evidence, in so far as the right of the plaintiff to recover at all is concerned, but excessive in amount, he may enter a *remittitur* of such amount as may be indicated as reasonable, if, in that event, he may have judgment entered for the remainder.

*Mr. Edmund Burke* and *Mr. R. Ross Perry* for the appellants.

The only object of a motion for a new trial upon a case which embodies all the evidence taken at the trial is to raise (1) the question of the insufficiency of the evidence to maintain the case, or (2) the question of excess of damages awarded by the jury. *In re Will of Hoover*, 18 D. C., 544.

1. In the case at bar, the evidence as disclosed by the record was abundantly sufficient to sustain the verdict of the jury.

2. The verdict of the jury, awarding $13,000 damages, was not excessive. If it were, however, the court below should have required the plaintiff to have entered a *remittitur* for the excess, and this court, if of that opinion, under its appellate jurisdiction over special term judgments, could make the same requirement and put the plaintiff on terms to enter the *remittitur* or suffer the consequences of an affirmance. The damages awarded are reasonably proportionate to the injury, pain, suffering and deformity of the plaintiff and his permanent inability to earn a livelihood.

*Mr. Hugh L. Bond* and *Mr. Edward Duffy* for the appellees:

An interesting case to consider with reference to this appeal is that of *In re Will of Hoover*, twice reported; the first time the case came up it was an appeal from an order granting a new trial; the second time it was from an order refusing a new trial, and in both instances the General Term refused to disturb the order, for the same reason. The court says that " every intendment must be in favor of the action

of the trial justice, and we must be satisfied upon the evidence as disclosed to us that there is error in his action before we can undertake to reverse it." " It is true that the jurors are the judges in the first instance of the credibility of the witnesses, but the trial justice is not to sit simply as a moderator and exercise no judgment of his own." 7 Mackey, 541, 549; 8 Mackey, 495, 503. The Supreme Court of the United States has decided that sections 804 and 805 of the Rev. Stat. D. C., under which this appeal is taken, are to be construed according to the New York law. *R. R.* v. *Moore*, 121 U. S., 558. The courts of New York hold substantially the doctrine decided in this District. " It is at all times a grave question for an appellate court to reverse on the ground of error an order made by the trial judge, setting aside the verdict as against the weight of evidence," say the New York courts. *Bannon* v. *McGrane*, 45 Superior Court Rep. (N. Y.), 517.

Mr. Justice SHEPARD delivered the opinion of the Court :

We have given the testimony in this case careful examination and consideration, in the light of the able and earnest arguments of the counsel for the plaintiff ; but in view of the conclusion which we have reached we think it unnecessary to review it or to express an opinion with respect to its relative weight.   There is great conflict in the evidence, and it is enough for the purposes of another trial, to say, that there seems to be testimony enough on behalf of each party, if believed by the jury, and approved by the court, who has equal opportunity with the jury to see and hear the witnesses and observe their manner and bearing while on the stand, to sustain a judgment for either.

It is true, as argued, that the jury, in the consideration of their verdict, are the exclusive judges of the credibility of the witnesses and of the weight they will give to their evidence ; but this verdict is not to be carried into judgment save upon its approval by the court.

· The verdict is entitled to the highest consideration, and approval of it is not to be withheld upon slight or trivial grounds.    It should not be set aside merely because the trial judge may have some doubt or misgiving as to its verity or justice; but it is equally his duty to do so when in his sound judgment justice will be subserved by ordering another trial.

In a case like this it is difficult for an appellate court to come to a satisfactory conclusion concerning the credence and weight to be given to the respective witnesses.. In the absence of impeaching testimony, they appear alike generally upon the record; their words, as reported, alone are before us.

The judge before whom the case is tried in the first instance, has the same opportunity as the jury to form an opinion with respect to the weight to be given to each witness; and one of the highest and most important functions of his office is the power to set aside a verdict whenever, in the exercise of a sound discretion, he considers that the jury, from any cause whatever, has returned an improper or unjust verdict.

One of his highest duties is the impartial and fearless exercise of this power, and his action ought not to be disturbed, by an appellate court, save upon conclusive reasons.

From the record before us, we could not justify ourselves in saying that the court below exceeded the bounds of its conceded discretion in setting aside this verdict and awarding a new trial.

While it is probable, the motion may have been sustained upon the ground only, that in the opinion of the court, the verdict was excessive in amount; still there is nothing in the record which would authorize us to indicate any amount of probable excess, upon the entry of a *remittitur* of which the judgment might be here rendered for the remainder.    To do so in this case would be to usurp the functions of the jury. It is only in those cases where the findings of the jury may be separated into distinct parts, or where errors readily dis-

cernible and separable may have increased a finding, that we would feel ourselves clearly justified in directing or permitting a *remittitur* of a part.

If a verdict in tort be excessive, that fact alone would be persuasive evidence that the jury had not given to the whole case that calm, dispassionate consideration without which a verdict would ordinarily be a travesty of justice.

If a jury, through the influence of passion or prejudice, should find a verdict for excessive damages, how could the court satisfy itself that the same emotions did not dominate their minds in the consideration of conflicting evidence upon the question of negligence, which is the paramount issue of the case?

It follows from what has been said that the appeal should be dismissed, with costs to the appellee, and the cause remanded to the court below, to be proceeded with in accordance with the practice in such cases.

*Appeal dismissed.*