## MACKALL v. WASHINGTON GAS LIGHT CO.

No. 8727.

United States Court of Appeals District of Columbia.

Argued Dec. 5, 1944.

Decided Jan. 8, 1945.

Mr. W. C. Sullivan, of Washington, D. C., with whom Mr. A. M. Goldstein, of Washington, D. C., was on the brief, for appellant.

Mr. Henry I. Quinn, of Washington, D. C., for appellee.

Before GRONER, Chief Justice and EDGERTON and ARNOLD, Associate Justices.

PER CURIAM.

This is a personal injury case in which the trial court directed a verdict for the defendant. We are asked to reverse on the ground that the evidence, when construed most favorably to the plaintiff, and with every reasonable inference indulged, presents a case in which fair minded men might honestly draw a different conclusion.

Plaintiff's injury occurred when she was hit by the body of an automobile dump-cart inside the enclosure known as the Government Dump on Benning Road in North-eastern Washington. Her testimony is that she and a companion named Mildred had been fishing on the river bank and, becoming thirsty, had come back across the dump and through the gate into Benning Road to get a drink of water. As they were returning, the truck passed through the gate. As they followed it into the enclosure, plaintiff and her companion separated, one going to the left and the other to the right side of the road. The truck was moving slowly. Plaintiff's companion, who had gone to the left, overtook the truck and jumped on the running-board, opposite the driver's seat, and asked for a ride to the river bank. Plaintiff, who had gone to the right, overtook the truck and had reached a part of the truck-body "two or three feet" from the rear end and some distance behind the covered cab in which the driver sat, when she felt something hit her in the back. As a result, she was thrown to the ground and under the rear wheel of the truck. The only difference in the testimony of plaintiff and her companion is whether the truck came through the gate ahead of the girls or behind them. Plaintiff, as we have pointed out, testified that they followed the truck through the gate, her companion, that they preceded the truck and separated as the truck passed them, one going to one side and the other to the opposite side of the road. The testimony of the latter in this respect is that as the truck passed slowly along the middle of the road she went to the left side, overtook it, jumped on the running-board and asked for a ride, which the driver refused, and just at that moment, and while the driver was looking toward her and speaking to the gateman, the latter "hollered * * * get offen Mary's leg."

From all of this it appears perfectly clear that the injured girl, as she approached the truck from the rear, never got to a point within the driver's normal range of view. And she does not claim she did anything to call his attention to her presence by the side of the truck. There was no testimony that the truck at any time moved out of the center of the road or speeded or changed its course or did anything to contribute directly to the accident. Plaintiff's whole theory of negligence was that while the driver was looking out of the window of his cab at the gateman and at the other girl, who, uninvited, was standing on the running-board and holding on to the door, the truck might have swerved and brought about the collision. But neither witness said that the truck swerved, and the evidence of plaintiff tends strongly to the contrary. We are accordingly unable to find any proper ground on which the case might have been submitted to the jury.

Affirmed.