**Robert BREST, Administrator of the Estate of Elizabeth H. Bauer, Deceased,**

v.

**PHILADELPHIA TRANSPORTATION COMPANY and William G. Martin.**

**Nos. 11337, 11338.**

United States Court of Appeals Third Circuit.

Argued Oct. 13, 1954.

Decided Oct. 26, 1954.

H. Francis DeLone, Philadelphia, Pa. (Jay B. Leopold, Philadelphia, Pa., on the brief), for Philadelphia Transp. Co.

Glen A. Troutman, Philadelphia, Pa. (McWilliams, Wagoner & Troutman, Philadelphia, Pa., on the brief), for William G. Martin.

Arthur M. Harrison, Philadelphia, Pa. (Arnold M. Kessler, Bernstein & Bernstein, Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment in favor of the plaintiff in a death by wrongful act case. There was a verdict of $36,500 for the surviving husband and $3,500 for the administrator. The appellants do not deny liability but ask for a reversal on the ground that the damages awarded are excessive. This matter was carefully considered by the district court. It was there pointed out that in the case of a negligent death by wrongful act involving a wife and mother the damages are not limited to the services of a substitute hired housekeeper. It is to be borne in mind that our function on an appeal is not the same as that of the trial judge. In his discretion he may order a new trial if he thinks a verdict excessive. Fed.R.Civ.P. 59(a), 28 U.S.C.A. In this case the trial judge thought that the verdict was more than he would have given but was not sufficiently excessive to shock his conscience. As this Court has stated in Trowbridge v. Abrasive Co. of Philadelphia, 3 Cir., 1951, 190 F.2d 825, 830, we will not sub-

stitute our judgment for that of the trial court as to whether the verdict is excessive. Our function is to determine whether the verdict is so grossly excessive as to justify reversal on the ground that the denial of the motion for a new trial constituted an abuse of discretion. *Ibid*. We find no abuse of discretion in what the trial court did here.

The judgment of the district court will be affirmed.