UNITED STATES of America,
Appellant,

v.

Violet S. GUYER and State of Maryland for the use of Violet S. Guyer, Joyce E. Guyer, infant, Frederick I. Guyer, infant, Roslyn M. Guyer, infant, Appellees.

UNITED STATES of America,
Appellant,

v.

Robert R. BAIR, Administrator of the Maryland Estate of Irvin N. Guyer, deceased, for himself as Administrator and for the use of The Continental Insurance Co., a body corporate, Appellee.

UNITED STATES of America,
Appellant,

v.

Samuel R. SNYDER, Administrator of the Estate of Renee Denise Snyder, deceased, Appellee.

UNITED STATES of America,
Appellant,

v.

Samuel R. SNYDER, Administrator of the Estate of Kaye Erin Snyder, deceased, Appellee.

UNITED STATES of America,
Appellant,

v.

Dorothea SNYDER, Appellee.

UNITED STATES of America,
Appellant,

v.

Samuel R. SNYDER, Appellee.
Nos. 6840, 6841, 6863–6866.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 18 and 19, 1954.

Decided Dec. 28, 1954.

George Cochran Doub, U. S. Atty., Baltimore, Md. (Herbert F. Murray,

Asst. U. S. Atty., Baltimore, on brief), for appellant.

Norwood B. Orrick and Richard W. Emory, Baltimore, Md., for appellees, in Nos. 6840 and 6841.

Herbert F. Murray, Asst. U. S. Atty., Baltimore, Md. (George Cochran Doub, U. S. Atty., Baltimore, Md., on brief), for appellant.

John Geyer Tausig, Washington, D. C. (Smith, Ristig & Smith, Washington, D. C., on brief), for appellees, in Nos. 6863, 6864, 6865 and 6866.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

## PER CURIAM.

These are appeals by the United States from judgments rendered under the Federal Tort Claims Act, 28 U.S.C.A. §§ 2201, 2202, for damages sustained when a government airplane crashed into the residence of Sergeant Samuel R. Snyder, near Andrews Air Base in the State of Maryland. The residence of Sergeant Snyder and its contents were totally destroyed, he and his wife were injured and his two little girls were killed. His brother-in-law Irvin N. Guyer and Mrs. Guyer were in the house at the time and Mr. Guyer was killed and Mrs. Guyer injured. The government's liability for negligence in the operation of the plane is admitted and the only questions in the case are questions as to damages.

In No. 6840, the trial judge gave judgment for $131,250 on account of the death of Mr. Guyer and $33,061.89 for the damages sustained by Mrs. Guyer. In No. 6841 he gave judgment in favor of Mr. Guyer's administrator in the sum of $6,446.23. In Nos. 6863 and 6864 he gave judgments in the sum of $8,147.50 each on account of the deaths of the Snyder children. In No. 6865 he gave judgment in favor of Mrs. Snyder for the sum of $20,152.38, of which amount $14,850 was for personal injuries and the remainder for property damage. And in No. 6866 he gave judgment in favor of Sergeant Snyder in the sum of $20,302.38, of which amount $15,000 was

for personal injuries and the remainder for property damage.

■ While a number of evidentiary questions are presented by the appeals, they go to the weight rather than the admissibility of the testimony to which they relate and none would justify our sending the cases back to the District Court, since we review them on the facts as well as on the law. The real questions in the case relate to the amounts awarded; and, although there has been some discussion in the briefs and at the bar with regard to our power to review the findings of the lower court as to damages, we think there can be no doubt as to our power and duty to review these as we do other findings of fact in cases tried by a judge without a jury. Under Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A., we accept them unless "clearly erroneous"; and a finding is "clearly erroneous" when the "reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed". United States v. U. S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L. Ed. 746. When convinced that a finding as to damages is clearly erroneous because in excess of any amount justified by the evidence, it is our duty to make a finding ourselves on the evidence in the record if this can reasonably be done.

No. 6840.

■ Of the $131,250 awarded by the court below on account of the death of Mr. Guyer, $92,100 was awarded his widow, $11,600 to his eldest child, $13,100 to the next child and $14,450 to the youngest. Under the law of Maryland the measure of recovery for wrongful death in a case such as this is the present value of the pecuniary benefit which the wife and children of the deceased might reasonably have expected to receive from him if he had not been killed. He and his wife had a joint life expectancy of 26.84 years according to the mortality tables. The award of $131,250 was computed on the basis of a contribution by deceased of $7,500 per year to his wife and children during this period, computing the earning power of money at 3½%. We think that this award, which was more than twice as much as any award in the State of Maryland on account of wrongful death, was clearly erroneous. The deceased was not shown to be a man of a high degree of earning power. Prior to 1946 for about 15 years he had been engaged in operating a trucking business which he gave up in 1946 and operated a service station and then organized an automotive parts business, being half owner at first and then taking over the entire business. There is evidence that for 1948, 1949 and 1950 his gross income was around $10,000 per year, although this was not substantiated by production of books and records. There was evidence that income of around $17,000 was returned for the first three months of 1951, the year of his death, but this spurt in earnings is not adequately explained. Mrs. Guyer testified that they had six or seven hundred dollars a month to live on; and it was on this testimony that the trial judge arrived at the $7,500 per year. Of course, the deceased's living expenses were a substantial part of the living expenses of the family of which he was a part; and, all things considered, we think that $5,000 per year would more nearly approximate the pecuniary loss which his wife and children could reasonably be held to have sustained as a result of his death. Accepting this as a basis, the award should be one-third less, or $87,500 instead of $131,250. Life expectancy, earnings and contribution to family support in a case such as this are largely a matter of speculation; but on the whole record we do not think that an award of more than $87,500 for the death of Mr. Guyer can be justified. This is almost one and one-half times as great as the largest wrongful death award ever to be given in the State of Maryland. If the tragic death had occurred twenty-five miles south in the State of Virginia, the award would have been limited by law to $25,000.

■ Of the $33,061.89 awarded Mrs. Guyer $3,061.89 was for medical expenses and personal property loss and is not contested. $30,000 was for personal injuries. The government contends that she should not receive in excess of $10,000. While she is entitled to recover substantial damages on account of the fright and painful injuries that she received, it does not appear that any of her bones were broken or that she sustained any injury to vital organs or any serious disfigurement. There is evidence that she has been rendered nervous and suffers from headaches and that a depigmentation of the skin has been aggravated where she received skin wounds; but she has not received injury resulting in any serious permanent disability and on the whole record we do not think that an award of more than $15,000 on account of her personal injuries is justified and that an award in a greater amount is clearly erroneous.

In appeal No. 6840, therefore, the award of damages on account of the wrongful death of Irvin N. Guyer will be reduced by one-third, i. e., the total award will be reduced to $87,500, and the apportionment of this among the widow and children will be in the same proportions as in the original award. The award of damages to Violet S. Guyer, will be reduced to $18,061.89.

### No. 6841.

■ In this case the administrator of Irvin N. Guyer was given a recovery of $5,000 on account of the pain and suffering of deceased prior to his death and $1,446.23 on account of funeral expenses and property loss and damage. While we think that the award for pain and suffering was high, we are not prepared to say it was clearly erroneous in view of the fact that deceased must have suffered terribly before death came to his relief. The judgment in this case will accordingly be affirmed.

### Nos. 6863 and 6864.

■ These were awards for the deaths of two little girls aged 8 weeks and 6½ years respectively. Funeral expenses in the sum of $147.50 each were not contested. The trial judge awarded the sum of $8,000 each for pecuniary loss to the parents resulting from the deaths of these children. Whether parents will realize any pecuniary benefit from the life of infant children over and above the cost of maintenance and education is highly speculative. The court admitted evidence of the earnings of stenographers, but this had no probative value whatever in the case. We cannot say that the life of a little child is without pecuniary value, although it is practically impossible to determine what the value is. We do not think, however, that an award in excess of $5,000 should be sustained in the absence of a showing of special circumstances establishing pecuniary value not here shown. Of course no decent parent would be willing to lose a child for this or any other sum of money; but this does not mean that he has reasonable expectation of pecuniary benefit from the child's life. Under the Maryland law here applicable it is only such pecuniary benefit that may be recovered. In each of the cases of the minor children the judgment will be reduced to $5,147.50.

### Nos. 6865 and 6866.

■ There is no controversy as to the amount awarded Sergeant and Mrs. Snyder on account of the destruction of their house; contention is made, however, that the award for the destruction of personal property and the personal injuries sustained by Sergeant and Mrs. Snyder is excessive. As to the personal property, it appears that an itemized list of the property destroyed was prepared by Sergeant Snyder and that the various articles were valued on the basis of prices of similar articles appearing in a Sears-Roebuck & Company catalogue, which he testified was less by $500 than the amount actually paid for them. The damages asked on this basis amounted to $8,004.76. The court reduced this because of assumed wear and obsolescence to $6,504.76. While this appears to us to be a high valuation, we do not feel that we would

be justified in holding it to be clearly wrong, in the face of a finding by the trial judge who saw and heard the witnesses with regard thereto. Likewise as to the awards for the personal injuries sustained by Sergeant and Mrs. Snyder. They unquestionably received serious and painful injuries accompanied by fright and terror in the dreadful calamity which destroyed their home. Mrs. Snyder is left with permanent impairment of her hearing, some facial disfigurement and 10% general disability as a result of impairment of her nervous system. Sergeant Snyder, who suffered a fractured jaw and other painful injuries, is said to have a 30% mental disability. All of these matters were carefully considered by the trial judge and we cannot say that his findings are so clearly excessive under all the circumstances of the case as to justify us in holding them clearly erroneous on that account; and this we must do before we can substitute our judgment for his. The judgments in Nos. 6865 and 6866 will accordingly be affirmed.

Nos. 6840, 6863 and 6864, modified.

Nos. 6841, 6865 and 6866, affirmed.