**Orren HULETT, Appellant,**

v.

**Emmitt L. BRINSON, Appellee.**

**No. 12513.**

United States Court of Appeals District of Columbia Circuit.

Argued May 23, 1955.

Decided Dec. 22, 1955.

Petition for Rehearing Denied Jan. 11, 1956.

Writ of Certiorari Denied April 9, 1956.

See 76 S.Ct. 659.

Mr. Karl M. Dollak, Washington, D. C., for appellant.

Mr. E. Willard Hyde, Washington, D. C., with whom Mr. Mario S. Romero, Washington, D. C., was on the brief, for appellee.

Before BAZELON, WASHINGTON and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

Appellee-plaintiff, Brinson, sued appellant-defendant, Hulett, for malicious prosecution. The jury returned a verdict, and judgment was entered for the plaintiff against the defendant in the amount of $20,000. Thereafter, the defendant filed a motion for judgment n. o. v. or for a new trial, contending that there was no substantial and competent evidence to sustain the verdict; that there was no competent and substantial evidence to sustain the amount of damages awarded to plaintiff; and that the damages are "patently excessive and [were] obviously granted in complete disregard of the testimony, and outrageously disproportionate to any wrong done." The trial court was also requested to order a remittitur. The defendant's motions were denied, and this appeal followed.

The defendant claims three errors: (1) that the trial court erred in not directing a verdict for the defendant; (2) that the trial court erred in denying defendant's motion for a new trial, or for a remittitur, by failing to recognize the great disparity between the facts and the jury's award, thereby constituting an abuse of discretion amounting to an error of law; and (3) that the trial court erred in not excluding reference to defendant's garb and a defamatory reference to the alleged extra-marital status of a main witness for the defendant.

We feel that there was no error in the failure of the trial court to direct a verdict for the defendant, nor do the remarks of plaintiff's counsel or the actions of the trial judge with regard thereto justify reversal.

We come then to defendant's claim that there was error in the denial of the motion for a new trial, or for a remittitur.

■ Ordinarly, an appellate federal court will not review the action of a trial court in granting or denying a motion for a new trial on the grounds of inadequacy or excessiveness of verdict. Coca Cola Bottling Works v. Hunter, 95 U.S. App.D.C. 83, 219 F.2d 765; Fairmount Glass Works v. Cub Fork Coal Co., 1933, 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439; Washington Times Co. v. Bonner, 66 App.D.C. 280, 86 F.2d 836, 110 A.L.R. 393.

This court, in Woods v. Richmond & Danville R. R. Co., 1 App.D.C. 165, dismissed an appeal from an order of the District Court setting aside a verdict for the plaintiff (appellant) and granting a new trial. The jury had rendered a verdict for the plaintiff in the amount of $13,000 for damages for injury resulting in the loss of a foot. The defendant had moved for a new trial on the ground that the verdict was excessive and against the weight of evidence. No offer was made by plaintiff to remit any portion of the damages found until the hearing before this court, when it was suggested that if the court were satisfied that the verdict was in accordance with the evidence, but excessive in amount, the plaintiff would enter a remittitur of such amount as might be reasonable. The court found conflicting evidence but enough testimony on behalf of each party to sustain a judgment for either. The court pointed out that it is difficult for an appellate court to come to a satisfactory conclusion concerning the credence and weight to be given to the respective witnesses, and that the action of the trial court ought not to be disturbed by an appellate court save upon conclusive reasons. Finding discretion in the trial court in setting aside a verdict and awarding a new trial, the court stated:

"While it is probable, the motion may have been sustained upon the ground only, that in the opinion of the court, the verdict was excessive in amount; still there is nothing in the record which would authorize us to indicate any amount of probable excess, upon the entry of a *remittitur* of which the judgment might be here rendered for the remainder. To do so in this case would be to usurp the functions of the jury. It is only in those cases where the findings of the jury may be separated into distinct parts, or where errors readily discernible and separable may have increased a finding, that we would feel ourselves clearly justified in directing or permitting a *remittitur* of a part." At pages 169–170.

Even though the trial court in the Woods case set aside the verdict of the jury and awarded a new trial, the language quoted above, as to the function of an appellate court in ordering a remittitur, is appropriate.

The defendant cites Boyle v. Bond, 88 U.S.App.D.C. 178, 187 F.2d 362, wherein this court reversed an order of the trial court and remanded the case for new trial unless the plaintiff filed a remittitur of $6,809.06 within ten days. The court held that the verdict on an action for a breach of contract was grossly excessive under the evidence. Defendants (appellants) had moved for a new trial, attacking the verdict as grossly excessive, the motion being denied. The court cited 28 U.S.C.A. § 2106 as authority for its action. That section reads as follows:

"The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances. June 25, 1948, c. 646, 62 Stat. 963."

In the Boyle case the court found that the claim for commissions due was susceptible of and required proof of a definite amount, and that the damages could be proven with a fair degree of certainty. It was also held in that case that the trial court failed to recognize the great disparity between the proof and the jury's award, which constituted a technical abuse of discretion amounting to an error of law. In finding abuse of discretion, the court reversed and remanded the cause for new trial unless the appellee preferred to settle the matter by filing a remittitur within ten days in the Court of Appeals, in which event the judgment would stand affirmed.

In state courts there is apparently an established practice of ordering a remittitur in appellate courts, even in tort cases where the damages are unliquidated; but in federal jurisdictions the practice seems to be limited to contract cases and the like, where the excess amount of the verdict can be fairly well determined.[1] No case has been found in a federal jurisdiction where an appellate court undertook to cure by remittitur an excessive verdict rendered in a tort action for unliquidated damages.[2]

In the recent case of National Alfalfa Dehydrating & Milling Co. v. Sorensen, 8 Cir., 1955, 220 F.2d 858, the court, citing Glendenning Motorways v. Anderson, 8 Cir., 1954, 213 F.2d 432,[3] held that in the Federal courts alleged excessiveness of verdict in tort cases was not reviewable on appeal.

It appears clear that the rule in the Federal courts is that an appellate court may reverse, if at all, for excessiveness of verdict only where the verdict is so grossly excessive or monstrous as to demonstrate clearly that the trial court has abused its discretion in permitting it to stand.[4]

1. United States Potash Co. v. McNutt, 10 Cir., 1934, 70 F.2d 126; Lalley v. Escoett, 79 U.S.App.D.C. 306, 146 F.2d 667; United States v. Certain Parcels of Land, etc., 5 Cir., 1945, 149 F.2d 81.

2. See Levine v. Mills, 114 A.2d 546, wherein the Municipal Court of Appeals for the District of Columbia, recognizing this fact, found that their only course was to remand for a new trial.

3. In Glendenning the court said: "It is finally contended that the verdict is excessive and that a new trial should be granted for that reason. We have consistently held that in a tort action the question of the excessiveness of a verdict is a question to be determined by the trial court on motion for new trial and cannot be considered as ground for reversal. [Citing cases.] In the instant case a motion for new trial was presented to the trial court on the ground among others that the verdict was excessive. * * * While the matter is not properly before us we observe in passing that the verdict cannot properly be said to be 'monstrous' nor such as 'shocks the judicial conscience', and that manifestly was the view of the trial court." 213 F.2d at page 437.

4. Kilmer v. Gustason, 5 Cir., 1954, 211 F.2d 781, where the court said: "Appellants also assert that the judgments are excessive, and should for that reason be reversed, citing several Iowa cases to support the charge of excessiveness. A federal appellate court, however, does not undertake to determine whether a verdict is excessive in fact, but only whether the district court abused its discretion as a matter of law in granting or refusing a new trial on the ground of excessiveness. [Citing cases.] Certainly it can not be said that these judgments are so inordinately excessive as to be contrary to reason, or the result of sympathy, passion, or prejudice, so as to render them excessive in law." At pages 783-784.

Brest v. Philadelphia Transportation Co., 3 Cir., 1954, 216 F.2d 331, where the court said: "It is to be borne in mind that our function on an appeal is not the same as that of the trial judge. In his discretion he may order a new trial if he thinks a verdict excessive. Fed.R.Civ.P. 59(a), 28 U.S.C.A. In this case the trial judge thought that the verdict was more than he would have given but was not sufficiently excessive to shock his conscience. As this Court has stated in Trowbridge v. Abrasive Co. of Philadelphia, 3 Cir., 1951, 190 F.2d 825, 830, we will not substitute our judgment for that of the trial court as to whether the verdict is excessive. Our function is to determine whether the verdict is so grossly excessive as to justify reversal on the ground that the denial of the motion for a new trial constituted an abuse of discretion. Ibid. We find no abuse of discretion in what the trial court did here."

Chicago, Rock Island & Pacific Ry. Co. v. Kifer, 10 Cir., 1954, 216 F.2d 753, certiorari denied 348 U.S. 917, 75 S. Ct. 299, where the court said: "A Circuit Court of Appeals may not review the action of a District Court in granting a motion for a new trial on the ground the damages awarded by the jury were excessive, because that is an error of fact. [Citing Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S. Ct. 252, 77 L.Ed. 439.] Our province is limited to determining whether the trial court, in denying the motion, abused its discretion. Ordinarily, it will not be held that the trial court abused its discre-

In the recent case of Neese v. Southern Railway Co., 76 S.Ct. 191, the situation was this: A jury verdict had been obtained in the United States District Court for the Eastern District of South Carolina in the amount of $60,000 in an action for wrongful death. The District Judge ordered a remittitur in the sum of $10,000, which remittitur was filed, judgment thereupon being entered for $50,000. Appeal was taken to the United States Court of Appeals for the Fourth Circuit, which reversed on the ground that the judgment was excessive and sent the case back for a new trial on the question of damages only. The Supreme Court [5] reversed, saying:

"We reverse the judgment of the Court of Appeals, 4 Cir., 216 F.2d 772, without reaching the constitutional challenge to that court's jurisdiction to review the denial by the trial court of a motion for a new trial on the ground that the verdict was excessive. Even assuming such appellate power to exist under the Seventh Amendment, we find that the Court of Appeals was not justified, on this record, in regarding the denial of a new trial, upon a remittitur of part of the verdict, as an abuse of discretion. For apart from that question, as we view the evidence we think that the action of the trial court was not without support in the record, and accordingly that its action should not have been disturbed by the Court of Appeals."

■ Tested by this standard, we hold that the action of the trial court in the present case, in denying the motion for a new trial on the ground that the verdict was excessive, "was not without support in the record." While the verdict is certainly substantial, there was evidence which, if believed by the jury (as it apparently was), justified such a recovery. In addition to the humiliation, disgrace and damage to reputation, appellee testified to the following special damages:

While working at the Brinson, Incorporated, store he was publicly arrested and placed in jail; as a result of being jailed, he was compelled to post a $1,750 bond; due to the charges he had to pay $1,850 as expenditures for his defense; thereafter and, according to appellee, as a direct result of the arrest, he lost his job and, being unemployed for two years, suffered a loss of money totalling $12,960; after his arrest appellee lost another source of income, which he was receiving for operating a division of the Post Office Department, this loss in wage income being estimated at $3,600 by appellee; the effect of his arrest was to scare his creditors and this resulted in destroying one of his stores as a source of income, which loss he approximates at $22,000; finally, appellee had to move his family out of the community and he was forced to sell his house at a loss of $7,500, with moving expenses in the amount of $350.

It is true that many of these items were disputed but the fact remains that the jury apparently believed appellee was substantially damaged by appellant's action.[6]

tion in denying a motion for new trial on the ground that the verdict was excessive, unless it affirmatively appears that it resulted from bias, prejudice, or passion." 216 F.2d at pages 756–757.

5. Neese v. Southern Railway Co., 76 S.Ct. 131. Cf. also Snyder v. United States, 76 S.Ct. 191, where the appellate court (United States v. Guyer, 4 Cir., 1954, 218 F.2d 266) had reduced non-jury damage awards of $8,000 each (in addition to funeral expenses) for pecuniary loss to parents resulting from the wrongful deaths of an eight-weeks old child and a six-year old child, reducing the award to $5,000 each (in addition to funeral expenses). The Supreme Court, by order and without opinion, reversed the Circuit Court and reinstated the judgment of the District Court.

6. It is to be noted that the damages awarded were compensatory only, no punitive damages being claimed or awarded.

We cannot say that the able trial judge abused his discretion in failing to order a new trial because of the excessiveness of the verdict or in failing to order a remittitur.

Affirmed.