William E. HARRIS, Plaintiff-Appellant,

v.

The AMERICAN LEGION and Arthur Wayne Murphy, Defendants-Appellees.

No. 12411.

United States Court of Appeals Seventh Circuit.

Dec. 22, 1958.

Rehearing Denied Jan. 12, 1959.

Joseph Kivett and Silas C. Kivett, Jr., Indianapolis, Ind., for appellants.

Ralph B. Gregg, Indianapolis, Ind., for appellee.

Before DUFFY, Chief Judge, and MAJOR and PARKINSON, Circuit Judges.

PER CURIAM.

The amended complaint herein is in two paragraphs. The first is in two counts in each of which libel is charged. The second paragraph is in one count predicated upon alleged slander.

The cause was tried before the Court on the separate issue of jurisdiction under § 1332(a) (1), Title 28 U.S.C.A. The pleadings and record presented no jurisdictional question other than the issue of diversity of citizenship.

The District Court held that it was without jurisdiction under § 1332(a) (1), and the action must be dismissed as to the American Legion by reason of the fact that while the Legion is a citizen of the United States, it is not a citizen of any state for jurisdictional purposes. The complaint also was dismissed as to defendant Murphy for the reasons stated in the Court's opinion.

We think the District Court's opinion adequately and completely discussed the issue and that the Court reached the correct conclusions of law. The citation of the trial court's opinion is Harris v. American Legion, D.C., 162 F.Supp. 700. We adopt said opinion as the opinion of this Court.

Affirmed.

Nicola FABRIZI, Administrator of the Estate of Maria Fabrizi, Deceased

v.

KRAMER BROTHERS FREIGHT LINES, Incorporated, a corporation, Appellant.

No. 12660.

United States Court of Appeals Third Circuit.

Argued Dec. 5, 1958.

Decided Dec. 24, 1958.

William A. Challener, Jr., Pittsburgh, Pa., for appellant.

James P. McArdle, Pittsburgh, Pa. (James E. McLaughlin, Pittsburgh, Pa., on the brief), for appellee.

Before KALODNER, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

The single issue presented by this appeal is whether the District Court abused its discretion in refusing to grant a new trial on the ground that the verdicts returned by a jury were grossly excessive. There is no indication that the District Court acted arbitrarily or that it failed to exercise its discretion in a judicial manner. As we stated in Lebeck v. William A. Jarvis, Inc., 3 Cir., 1957, 250 F.2d 285, 288: " * * * that is the extent of our concern as a reviewing court." See also Brest v. Philadelphia Transportation Co., 3 Cir., 1954, 216 F.2d 331 and Trowbridge v. Abrasive Co. of Philadelphia, 3 Cir., 1951, 190 F.2d 825.

The judgment of the District Court, 162 F.Supp. 276, will be affirmed.