**Ernest E. REED, as Administrator of the Estate of Dwight K. Reed, deceased, Plaintiff,**

v.

**GULF OIL CORPORATION, Defendant.**

**Civ. A. No. 766-61.**

United States District Court
District of Columbia.

March 29, 1963.

Franklin Yasmer, Washington, D. C., for plaintiff.

John P. Arness, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is an action to recover damages for the death of a seven-year-old boy. The jury found a verdict in favor of the plaintiff father for the sum of $20,000. The defendant now moves for judgment notwithstanding the verdict or, in the alternative, for a new trial, both on the ground that the verdict was contrary to the weight of the evidence and on the ground that the amount of damages awarded was excessive.

The little boy was struck and instantly killed by a truck of the defendant while he was running across the street in front of the truck. The accident took place in the 600 block of New Jersey Avenue, Southeast, near a viaduct. The evidence amply sustains a verdict on the merits in favor of the plaintiff. The negligence of the defendant's driver was established by clear and convincing evidence. An experienced officer of the Metropolitan Police Department, attached to the Accident Investigation Unit, who made a thorough technical investigation,

testified that in his opinion the truck was going at a speed of 35 miles an hour at the time of the accident. The maximum speed limit was 25 miles an hour. On this point the Court instructed the jury in a manner more favorably to the defendant than perhaps the defendant was entitled to, because the Court did not instruct the jury that driving in excess of the speed limit, in violation of the regulation, was negligence as a matter of law, but limited itself to saying to the jury that it was evidence of negligence.

It was argued by able counsel for the defendant that there was no evidence that the high speed at which the vehicle traveled was a proximate cause of the accident. The Court disagrees. It may well have been that if the truck had been going somewhat slower, the little boy who was running across the street might have arrived at a point of safety before he was struck. So, too, it might well have been that, even if the impact had taken place, the boy might not have been killed if the vehicle had been going at a slow rate of speed, because velocity has a direct bearing on the force of an impact. It is a well-known fact that, when an impact takes place, much more serious injuries are likely to result if the vehicle was going fast than if it was going slowly. Consequently, the Court is of the opinion that the jury had a right to find that the high speed of the vehicle was a proximate cause of the accident.

■ On the issue of contributory negligence, the Court ruled that the matter constituted a question of fact for the jury in view of the tender age of the deceased. To be sure, if the deceased had been an adult or a minor over 18 years of age, there would have been some basis for holding that the deceased was guilty of contributory negligence as a matter of law. Perhaps the age could even be set lower, although under the Criminal Statutes of the District of Columbia, a person under 18 years of age is not held to the same legal and moral responsibility and may not be convicted of a crime, as a person over 18, and it would seem that if a person is not morally responsible for a criminal act because of immature age, it is unreasonable to hold him responsible for the same degree of care as an adult. But it is not necessary to decide this and it is not necessary to determine at what age the line should be drawn. Surely, at the age of 7 an infant cannot be held negligent as a matter of law. The Court left to the jury the question as to whether, under the circumstances, the boy should be deemed to have been guilty of contributory negligence. The jury, in answering the question in the negative, as it must have been deemed to have done, was entirely within its rights and justified in reaching the result that it did.

The measure of damages is well established. In a death case, under the District of Columbia statute, D.C.Code § 16–1201, which is modeled on Lord Campbell's Act, there can be a recovery only for pecuniary damages. No award may be made for sentimental loss, mental anguish, grief or sorrow. This is the rule in most jurisdictions. In cases in which the deceased is an adult and a breadwinner of a family, the question as to how the damages should be computed is not too difficult to answer. It is a matter, more or less, of mathematical computation. The average earnings of the deceased may be considered, together with his prospects for increase, his life expectancy, and the amount thus reached must be reduced to its present worth by the use of actuarial tables. The problem is somewhat more difficult in case of an adult either without dependents or with relatives to whom the deceased made only partial or occasional contributions. The problem is still more difficult in case of a deceased infant of tender years.

■ The theoretical rule to be applied in case of the type last mentioned is clear. The parents of a minor are entitled to his earnings until he arrives at his majority. In addition to that, they have an expectation of a possibility of contributions in later life. Practical life indicates that this expectancy is a substantial element in the life of modern society. As against that there must be

deducted the cost of bringing up the child. How to make the necessary computation is, of course, a problem that is in large part theoretical and somewhat nebulous, and the matter must be left to the good sense of the jury.

The formula to which I have referred is well established by the authorities in this jurisdiction. United States Electric Lighting Co. v. Sullivan, 22 App.D.C. 115, 136; National Homeopathic Hospital v. Hord, 92 U.S.App.D.C. 204; affirming D.C., 102 F.Supp. 792; Rankin v. Shayne, Brothers, 98 U.S.App.D.C. 214, 234 F.2d 35.

The question involves so many imponderables that it is difficult of solution because it comprises future possibilities that are ordinarily beyond the ken of man. Nevertheless, the jury is permitted, being instructed in this formula, to reach a conclusion which it deems sound, subject, of course, to the inherent power of the Court to set a verdict aside.

When the verdict was returned my first impression was that it was indeed excessive. I felt, however, that I should give the matter further consideration and thought and examine the authorities, if any could be found. There have been quite a number of cases in which large awards were made for the death of children between the ages of 5 and 10 years of age, and an examination of these decisions throws a considerable light upon the question with which the Court is confronted.

In the case of Dixie Greyhound Lines v. Woodall, 6 Cir., 188 F.2d 535, which was decided under the law of Tennessee, the jury awarded damages in the sum of $20,000 for the life of a child six years old. The case was tried in the United States District Court for the Western District of Tennessee before Judge Boyd, an eminent and experienced member of the bench. He declined to disturb the verdict. The Court of Appeals for the Sixth Circuit, the bench consisting of Judge Simons, Judge McAllister and Judge Shackelford Miller, affirmed the judgment and expressly stated in its opinion that the verdict in the sum of $20,000 was not excessive as a matter of law.

As against that, to be sure, there is an opinion of the Fourth Circuit in United States v. Guyer, 218 F.2d 266, 269, in which the Court reduced an award made by the United States District Court for the District of Maryland under the Federal Tort Claims Act, the Court sitting without a jury, for the sum of $8,000 each for two children, one aged eight weeks and the other six and a half years. The Court of Appeals reduced the award from $8,000 to $5,000, indicating that an award in excess of $5,000 should not be sustained for the death of a child of tender years in the absence of a showing of special circumstances.

There are many State cases, however, in which the same situation was presented. In Union Transfer & Storage Co. v. Fryman's Administrator, 304 Ky. 422, 200 S.W.2d 953, decided by the Court of Appeals of Kentucky, an award of damages in the sum of $20,000 for the death of a nine-year-old child was held not to be excessive. In Management Services, Inc., v. Hellman, 40 Tenn.App. 127, 289 S.W.2d 711, 721, decided by the Court of Appeals of Tennessee, the jury had returned a verdict for $35,000 for the death of a child eight years of age. The trial judge reduced the amount to be awarded to $20,000. The Court of Appeals held that the judgment of $20,000 could not be said to have been excessive. In New York, in Marianiello v. Bloomquist, 278 App.Div. 955, 105 N.Y.S.2d 188, the jury awarded the sum of $26,000 for the death of a five-year-old boy. The Court reduced the amount to $17,000.

In Carradine v. City of New York, 26 Misc.2d 788, 209 N.Y.S.2d 143, 145, a verdict for $20,000 for the death of a nine-year-old boy was sustained by the trial judge. The case does not seem to have gone any higher.

The research made by this Court has been confined to jurisdictions in which the statutes did not allow recovery for any sentimental loss but limited the recovery to the pecuniary loss sustained by the next of kin.

In Connecticut, in Miner v. McKay, 145 Conn. 622, 145 A.2d 758, a verdict for $36,000 for the death of a nine-year-old girl was sustained and the Appellate Court refused to disturb it and affirmed the action of the trial judge.

The Court's study and research indicates that there have been quite a number of instances in which large awards similar to that involved in the instant case have been made and sustained, and the Court has discovered only one instance, the case in the Fourth Circuit to which reference has been made, where the opposite result was reached.

The decrease in the purchasing power of money is a substantial element that juries consider. I have refused to instruct the jury on the subject whenever I have been requested to do so, on the ground that this is a matter of fact and argument, but counsel are entitled to argue it in their summing up to jury and the jury is entitled to consider it.

Counsel for the defendant calls attention to the fact, quite accurately, that there is no evidence as to the social or economic status of the family of the deceased and no basis to determine what the little boy's earnings might have been in due course, if he had lived. It may be assumed, therefore, in the absence of evidence to the contrary, that the family was of a low economic status and that, therefore, the little boy's earnings might not have been more than moderate. But this is a double-edged sword because a boy of a family of that type is likely to go to work earlier than a child of a family that sends its sons to college, and if this boy had gone to work at the age of 16 or 17, his earnings for four or five years would have belonged to his parents and they also had the expectation of possible contributions to their support in their old age.

Whether this Court would have awarded as large an amount as was awarded by the jury, is immaterial. In the light of further reflection and the authorities that have been reviewed, the Court feels that it should not interfere with the verdict. The Court is not unmindful of the fact that a verdict of a jury should not ordinarily be disturbed unless there is a very good reason for doing so. The Court finds no such reason.

The Court might add, in conclusion, that this is not a case where the jury might have been influenced by some dramatic circumstances or by some inflammatory remarks. Nothing of that kind occurred during the trial. Counsel for both sides tried this case on a very high plane and in a very objective, lawyer-like fashion.

In the light of this discussion, both motions will be denied.