**Gerald DEAN, as Administrator of the Estate of Glenn Alan Dean, deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 2131–N.**

United States District Court
M. D. Alabama, N. D.
March 2, 1965.

L. Lister Hill (of Godbold, Hobbs & Copeland), Montgomery, Ala., for plaintiff.

Ben Hardeman, U. S. Atty., and Rodney R. Steele, Asst. U. S. Atty., Montgomery, Ala., for defendant.

JOHNSON, District Judge.

The plaintiff, as the administrator of the estate of Glenn Alan Dean, deceased, as authorized by the Federal Tort Claims Act (28 U.S.C. §§ 1346 and 2674), brings this action against the United States of America to recover damages for the wrongful death of his son, Glenn Alan Dean, a minor. The evidence in this case, including the stipulation of the parties, reflects that Glenn Alan Dean, a minor, approximately three years of age, was killed on August 21, 1964, while a patient in the United States Air Force Medical Dispensary at Albrook Air Force Base, Panama Canal Zone; and that the death of Glenn Alan Dean was occasioned as a proximate consequence of the negligence of the defendant, acting through its agents in the line and scope of their employment, by administering to the said minor a lethal and improper dosage of medication.

The only question remaining for decision in this case is the measure of and the amount of damages to be awarded. The leading case and the controlling case on these questions is Hoyt v. United States of America (5th Cir. 1961), 286 F.2d 356. In the Hoyt case, the United States Court of Appeals for the Fifth Circuit reversed this Court's findings and conclusions to the effect that when an action was brought by a father for the death of a minor son, pursuant to the provisions of the Federal Tort Claims Act, the only damages that could be awarded were pecuniary damages, and that it was too speculative for a court to attempt to arrive at a monetary figure to compensate a father for the pecuniary loss of a son when that pecuniary loss must be determined by assuming that the minor son would have provided actual monetary aid and monetary contributions to his father and, further, when

it was necessary for the court to assume the amount of such monetary aid and contributions that would have been received. As stated by the Court of Appeals in the Hoyt case, the measure of damages for wrongful death in Alabama under the 1947 amendment to the Federal Tort Claims Act should be compensatory and measured by the loss of pecuniary benefits. The Appellate Court in that case stated, further, that the damages recoverable in an action such as this should be consonant with the Federal Employers' Liability Act (45 U. S.C.A. § 51) and the Death on the High Seas Act (46 U.S.C.A. § 761). Specifically, the Appellate Court in the Hoyt case directed this Court to award damages equivalent to compensation for the deprivation "of the reasonable expectation of pecuniary benefits that would have resulted from the continued life" of plaintiff's son, Sean Paul Hoyt, a minor, seven years of age, whose death was occasioned as a proximate consequence of the negligence of the United States. As this Court observed in carrying out the order of remand in the Hoyt case, such a task is extremely difficult.

■ ■ In this case, the deceased child, Glenn Alan Dean, had a life expectancy of approximately 66.0 years at the time of his death. He was intelligent, obedient, religious and in good health. Glenn Alan Dean, for the three years of his life, developed and displayed traits, both of character and personality, that made him above the average for a child of that age. Under the Tort Claims Act as interpreted by Richards v. United States, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492, this Court must now look to the law of the place where the act of negligence occurred, that is, the Panama Canal Zone. The controlling statute, 5 Canal Zone Code, § 126, states that in instances such as now before this Court damages shall be for the benefit of "the parents" of the deceased. This action is brought, therefore, by the administrator who serves as a fiduciary for the parents of the deceased, Glenn Alan Dean.

Gerald Dean, the father of the deceased child, is a staff sergeant in the United States Air Force, who on the date of the death of his son had a life expectancy of approximately 43.99 years. He had on that date approximately nine years' service in the Air Force and his pay, exclusive of some benefits by reason of the fact that he was stationed outside the continental limits of the United States, was approximately $400 per month; he may reasonably expect periodic increments in this income. He will be eligible for retirement in October, 1975, with a retirement pay of one-half his base pay, or in October, 1985, at three-fourths of his base pay. The mother of the deceased child, who also had a life expectancy of 43.99 years at the time of the death of her son, is not employed outside the home. These parents own no property, except the usual personal property, and have accumulated only approximately $3,000 as savings. It is not controverted that the parents incurred actual expenses of $891.40 in connection with the death and burial of their child.

■ Acting pursuant to the directive of the United States Court of Appeals for the Fifth Circuit in the Hoyt case, this Court finds that the plaintiff in this case for the use and benefit of the parents is entitled to a substantial award to compensate them pecuniarily over and above the actual expenses incurred in connection with the death and burial of their child. In this case the deceased child could have normally been expected to live approximately 18 years in the home of the parents before reaching his majority. There is no question that he would have rendered many and varied services of some value to his parents. The loss of these services during this boy's minority requires compensation of a pecuniary nature. Under the controlling legal principles, it is also fair in this case to assume that Glenn Alan Dean would have engaged in some part-time work during his minority, considering his parents' financial condition and their station in life; his earnings by such work, which

were lost by reason of his death, constitute pecuniary loss that is compensable in this case. This is also true in the loss to the parents of pecuniary assistance from their son after he had reached his majority. As directed by the Appellate Court in the Hoyt case, the cost of rearing the child to majority that would have been incurred had he lived and the cost of educating him that would have been incurred had he lived, has not been considered as a setoff in this case.

In an attempt to arrive at a monetary figure to compensate the parents of Glenn Alan Dean for their pecuniary loss occasioned by reason of the death of their son, this Court has reviewed and considered the following cases: United States v. Guyer et al., 4 Cir., 218 F.2d 266; Gordon et al. v. Lee, 208 Miss. 21, 43 So.2d 665; Reed v. Eubanks, 232 Miss. 27, 98 So.2d 132; Nolan v. Moore, 81 Fla. 594, 600, 88 So. 601; Coast City Coaches, Inc. v. Donat, Fla.App., 106 So.2d 593; Bodin et ux. v. Texas Co. et al., La.App., 186 So. 390; Saxton v. Plum Orchards, 215 La. 378, 40 So.2d 791; Davis v. Surebest Bakery, La.App., 38 So.2d 624; Brooks v. State Farm Mutual Automobile Ins. Co., La.App., 91 So.2d 403; Snyder v. United States, D.C., 118 F.Supp. 585; Hampton v. United States, D.C., 121 F. Supp. 303; Hord v. National Homeopathic Hospital, D.C., 102 F.Supp. 792; Hankins v. Southern Foundation Corp et al., D.C., 216 F.Supp. 554; Reed v. Gulf Oil Corporation, D.C., 217 F.Supp. 370; and Patrick v. United States, 4 Cir., 316 F.2d 9.

■ Considering all the evidence in this case and the legal principles applicable thereto, this Court is of the opinion that a fair, just and adequate award to be made as damages to compensate for the deprivation of the reasonable expectation of pecuniary benefits on the part of the parents of Glenn Alan Dean that would have resulted from the continued life of said minor is the sum of $13,750. In addition, an award is to be made to compensate for the expenses actually incurred in connection with the death and burial of Glenn Alan Dean, these expenses being in the amount of $891.40. The total award in this case will be the sum of $14,641.40. It is appropriate to emphasize that the amount herein determined is not to compensate for the loss of the life of the child, Glenn Alan Dean; the award is to compensate only for the actual expenses incurred by the parents in connection with the wrongful death and burial of the child and their loss, resulting from said death, of reasonably expected pecuniary benefits.

Judgment will be entered accordingly.