**Rimel v. L. R. B. Corp., trad. as Village Inn**

*R. David Bradley*, for plaintiff.

*Power, Bowen & Valimont*, for defendants.

GARB, J., December 1, 1973.—We have before us for disposition defendant's preliminary objection in the nature of a motion to strike a pleading in this trespass action in the nature of a survival and wrongful death action: Act of April 15, 1851, P. L. 669, sec. 19, 12 PS §1601. The complaint purports to allege three separate causes of action. The first cause of action is in the nature of a wrongful death action brought on behalf of decedent's widow and three children, the second cause of action being the survival action brought on behalf of the estate of the deceased and the third cause of action contains one paragraph only demanding relief for plaintiff, as the wife of the decedent, for her permanent loss of consortium with her deceased husband. The preliminary objection is

directed to the third cause of action only, and raised the question of whether a claim for loss of consortium is one properly adjudicable in a death action.

We have serious doubts that the question now before us has ever been definitively and conclusively decided in Pennsylvania. Gaydos v. Domabyl, 301 Pa. 523 (1930), is clearly the landmark decision on the question of measure of damages in a death action. It is true that at page 531 of that opinion the court states that damages in death cases do not include a claim for mental suffering, grief or distress of mind, nor for the loss of the society or companionship, as such, of children or parents. If this constitutes a part of the holding of this case, then it can only have meaning within the factual context in which the suit was brought; by seven children for the alleged wrongful death of their widowed mother. Therefore, the reference to the loss of the society or companion-ship, as such, of children or parents may very well relate to the question of recovery for loss of consort-ium as between children and parents, but not neces-sarily as between parents, inter se. Furthermore, at page 533, in what is obviously dictum, it is stated that in an action by a husband for the loss of his wife, his pecuniary compensation for the loss is the present value of her services as a wife.

Although Ferne v. Chadderton, 363 Pa. 191 (1949), may seem to be a definitive explication of the law on this question in favor of defendant's position, we are not satisfied that it is such. The language to which defendant alludes is to be found at page 197 as follows:

"Under the Death Statutes the administratrix was entitled to recover for the benefit of the daughter and herself as widow the amount of the pecuniary loss they suffered by reason of decedent's death, that is

to say, the present worth of the amount they probably would have received from his earnings for their support during the period of his life expectancy and while the family relationship continued between them, but without any allowance for mental suffering, grief, or loss of companionship; in other words, the measure of damages is the value of the decedent's life to the parties specified in the statute:" (Citations omitted.)

This case was a death action brought by the widow of the deceased and obviously prior to Hopkins v. Blanco, 224 Pa. Superior Ct. 116 (1973), in which it was held that the right to recover for loss of consortium under the equal rights amendment to the Constitution must be reciprocal between husband and wife. Therefore, Ferne v. Chadderton, supra, may be construed as a holding only that a wife may not recover for loss of consortium for loss of her husband in a death action but that the corollary may not necessarily be true. Additionally, Ferne v. Chadderton, supra, reversed the lower court on other grounds.

The exact language of the wrongful death action with regard to damages recoverable is of little help in deciding this case. In the Act of May 13, 1927, P. L. 992 (no. 480), sec. 1, 12 PS §1604, it is provided as follows:

"Whenever any person or persons, who are authorized by law so to do, shall bring an action to recover damages for a death caused by unlawful violence or negligence of the defendant, the plaintiff may recover, *in addition to the damages now recoverable in such actions,* the expenses incurred for medical and surgical care and for nursing of the deceased, and such other expenses caused by the injury which resulted in death *as could have been recovered in an action begun by the injured person in his lifetime;* and plaintiff may also recover the reasonable funeral expenses of the

deceased, if plaintiff has paid or incurred such expenses." (Italics supplied.)

It is clear from such language that we must look to the case law in order to determine what damages are properly recoverable under a wrongful death action and that this amendment to the act merely afforded to plaintiff a right to recover for reasonable funeral expenses.

It has long been the law in Pennsylvania that in a death action a plaintiff husband may recover for the loss of services of his wife: Delaware etc. R.R. Co. v. Edward Jones, 128 Pa. 308 (1889). As heretofore indicated, the landmark case of Gaydos v. Domabyl, supra, recognized, albeit by dictum, that such is the case. In Siidekum v. Animal Rescue League of Pittsburgh, 353 Pa. 408 (1946), the doctrine is somewhat expanded wherein it was held that a husband may recover for the loss of his wife's services and society in a death action, again citing Gaydos v. Domabyl, supra. This ancient doctrine was further and most recently expanded in Spangler v. Helm's New York-Pittsburgh Motor Express, 396 Pa. 482 (1959), wherein it was held that in a death action brought by a husband for the death of his wife, among other elements of damages, plaintiff may recover for her loss considering in the amount to be awarded all things such as companionship, comfort, society, guidance, solace and protection which "go into the vase of family happiness." In reciting the foregoing, the late Justice Musmanno in Spangler v. Helm's New York-Pittsburgh Motor Express, supra, cited Pennsylvania Railroad Company v. Goodman, 62 Pa. 329 (1869). In that case, the court held merely that it is appropriate for the jury in a death case brought by a husband for the death of his wife to consider the value of his wife's services to him and that in con-

sidering the value of services they also consider companionship, because her services are rendered as a result of her relationship as his wife and companion.

The doctrine that the value of a wife's services are appropriately considered by a jury in a death action as among the damages recoverable by the husband has been recognized by the Federal courts in construing Pennsylvania law. In Fabrizi v. Griffin, 162 F. Supp. 276 (D.C.W.D. Pa., 1958), affirmed per curiam in 261 F. 2d 594 (3rd Cir., 1958), the court held that it is appropriate to include within the award to plaintiff damages for the loss of services of his wife. In defining the services which are compensable, the court cites the numerous intangible indicia of the connubial relationship which comprise the general category of services. Although the term "companionship" is used, it is clear that that is just one of the elements to be considered by the jury in determining the economic value of the intangible services which one spouse renders to the other. In language beyond our poetic ken, the court describes this "companionship" as follows:

"This companionship is the elixir of life to the youth and middle-aged, but it is the necessity of life, as oxygen is to the air, to those who are treading the pathway of life in the later years of one's existence on this earth."

Although we believe that the definition of compensable services for purposes of the application of a death action may be very similar to the definition of consortium as that term is applied in a negligence case wherein death did not result, see Hopkins v. Blanco, supra, we do not believe that these cases should be construed to indicate that loss of consortium per se is a separate and independent compen-

sable element of damages in a death action. Rather, we believe that these cases are merely telling us that loss of services of the wife are among the many things which comprise the total verdict for a plaintiff husband in a death action. In a death action, when this facet of the total damages is being considered, while the jury must put a monetary value on the wife's services, it must likewise deduct the probable cost of her maintenance therefrom: Gaydos v. Domabyl, supra, and Süidekum v. Animal Rescue League, supra. Certainly, in a nondeath action, where loss of consortium is an appropriate element of damages, there is no deduction for maintenance: Bedillion v. Frazee, 408 Pa. 281 (1962), and Neuberg v. Bobowicz, 401 Pa. 146 (1960). Although Neuberg v. Bobowicz, supra, was reversed by Hopkins v. Blanco, supra, it was only on the question of whether a wife may recover for loss of her husband's consortium, not on consortium as a measure of damages. The result we achieve herein was found in Byrne v. Matczak, 254 F. 2d 525 (3rd Cir. 1958). In that case, the court, in construing the Pennsylvania cases, most of which we have cited herein, squarely held that loss of consortium, as that term is generally understood, is not an appropriate element of damages, standing alone, in a death action.

For the foregoing reasons, we determine herein that the preliminay objection must be sustained and the so-called third cause of action as pleaded in the complaint must be stricken. As heretofore indicated, however, we do not hereby decide that plaintiff may not recover for the loss of services of her deceased husband as an integral part of her wrongful death action.

## ORDER

And now, to wit, December 1, 1973, it is hereby

ordered, directed and decreed that the preliminary objection in the nature of a motion to strike shall be granted and the third cause of action as pleaded in the complaint as paragraph 14 is hereby stricken. Leave is granted to defendants to file an answer herein within 20 days of the date hereof.