LESTER KAUPPI, A MINOR, BY LILLIAN KAUPPI, HIS MOTHER AND NATURAL GUARDIAN, v. NORTHERN PACIFIC RAILWAY COMPANY AND ANOTHER.[1]

November 2, 1951.

No. 35,448.

[1]Reported in 49 N. W. (2d) 670.

*Freeman, King, Larson & Peterson,* for appellant.
*William H. DeParcq* and *Donald T. Barbeau,* for respondent.

LORING, CHIEF JUSTICE.

This is an appeal from a judgment for plaintiff in an action to recover damages for personal injuries. Plaintiff received a verdict for $20,000 against defendant-appellant, John Kauppi, hereinafter referred to as defendant. There was a verdict in favor of the other defendant, Northern Pacific Railway Company. Defendant moved for a new trial, and in this court he assigns as error the denial of this motion.

Defendant contends that the award of $20,000 was excessive and arrived at under the influence of passion and prejudice. It should be noted that the only basis, according to defendant's argument, for a finding of passion and prejudice is that the award was excessive. There is no showing of improper conduct during the trial, which occurred some four years after the injuries were suffered. Therefore, the only question before this court is whether the amount of the verdict is so excessive as to demonstrate that it is tainted with passion or prejudice.

■ Various cases are cited by counsel for both sides. As we said in Swanson v. J. L. Shiely Co. 234 Minn. 548, 560, 48 N. W. (2d) 848, 855:

"* * * We take judicial notice that the purchasing power of money has shrunk to a point where comparison with verdicts previously rendered is futile."

Certainly, such shrinkage must be taken into consideration when comparing present verdicts with those previously rendered.

■ The accident happened September 22, 1946, when plaintiff was nine years old. Without reviewing all the testimony, it is sufficient to say that the boy was in the hospital more than two months, in casts another month, and in bed at home another three months or

more. He was on crutches until the middle of the summer of 1947 and used a cane until the fall of 1947. There is testimony that he suffered great pain and that he lost a year from school and is now behind one year.

At the time of trial the boy was 13. There is testimony that he drags his right foot, has permanent keloid scars on his head, that he tires easily, that his leg bothers him, and that he is nervous and not as active as he used to be. He can neither lock his right knee nor turn his right leg all the way. He has a permanent adherent scar on his left leg, a scar on his right leg, and a permanent deformity of a little finger. While it does not impede its function, there is a wasting of bone in his left leg. He is able to ride a bicycle, but the failure of his right knee to lock would cause it to buckle under adverse circumstances and slow him up. Taking the evidence as a whole, there is much to sustain the jury's conclusion that the boy's condition is largely permanent. Certainly, he will carry the disfiguring keloid scars and the adherent scar on his left leg through life.

Having in mind the greatly diminished purchasing power of the dollar and comparing the pain, the severe and permanent injuries, time lost in school, and the amount of the award in this case with the injuries and awards in other cases, we do not regard the verdict of $20,000 as so excessive as to indicate that the jury was influenced by passion or prejudice in arriving at that amount.

Judgment affirmed.