Claire A. KESSEN, Plaintiff,

v.

Emil BERNHARDT and Henry G. Schwer, Defendants.

Robert KESSEN, Plaintiff,

v.

Emil BERNHARDT and Henry G. Schwer, Defendants.

Civ. Nos. 5816, 5817.

United States District Court
D. Minnesota,
Fourth Division.

Jan. 3, 1958.

Arthur B. Geer, Minneapolis, Minn., Edward R. Dorr, Cincinnati, Ohio, for plaintiffs.

King & MacGregor (by Clark MacGregor), Minneapolis, Minn., for defendant Emil Bernhardt.

Sullivan, Stringer, Donnelly & Sharood (by Arthur J. Donnelly), St. Paul, Minn., for defendant Henry G. Schwer.

DONOVAN, District Judge.

The above actions were commenced by plaintiffs to recover damages for personal injuries. Plaintiffs were passengers in an automobile owned and operated by defendant Henry G. Schwer, which collided with an automobile owned and operated by defendant Emil Bernhardt. The ac-

tions were consolidated for trial before the Court and a jury. Each of the plaintiffs had a verdict against both defendants. Defendant Schwer by a blended motion seeks to have the judgment vacated and verdict set aside and for judgment or a new trial in his favor. Defendant Bernhardt moves to have the judgment vacated and the verdict set aside and that he be granted a new trial only.

The facts and evidence portray a common type of accident arising out of collision between two automobiles being operated by the defendants on Minnesota highways, intersecting at right angles. The accident occurred at about noon on June 18, 1955. The day was clear. The intersecting highways were dry. Defendant Bernhardt, a Minnesota resident, with his wife seated to his right, had stopped as required by sign. Defendant Schwer, a Minnesota resident, was approaching on a paved through highway en route with his wife and his cousins from Olivia, Minnesota, to Fairmont, Minnesota. Schwer testified he was traveling "around 55" miles per hour as he approached the intersection and he observed the Bernhardt car stopped as required by the stop sign. Plaintiff Robert Kessen testified Schwer averaged "60 to 70 miles per hour." Schwer and Bernhardt were familiar with the intersecting highways. A third car stopped opposite to the Bernhardt car and then turned onto the paved highway and towards the approaching Schwer car. Bernhardt said the third car obstructed his view of the Schwer car and Bernhardt proceeded to cross. The Schwer car struck the Bernhardt car causing the death of Mrs. Bernhardt, injuring Bernhardt and Schwer and the latter's passengers, who were residents and citizens of Ohio. This diversity suit followed.

The accident occurred in Minnesota, hence the substantive law of Minnesota controls disposition of the two instant cases.

Defendant Schwer contends: 1. The verdicts are contrary to (a) law and (b) the evidence. 2. Errors of law. 3. Improper argument by plaintiffs' counsel, resulted in: 4. Excessive verdicts.

Defendant Bernhardt contends: 1. The verdicts are contrary to (a) law and (b) the evidence. 2. The damages are excessive and are based on 3. Passion and prejudice.

The verdict returned in favor of plaintiff Claire Kessen was in the amount of $43,830.

The verdict returned in favor of plaintiff Robert Kessen was in the amount of $11,000.

It is undisputed that the collision was a violent one. Plaintiffs testified to severe injuries, disability, loss of earnings and expense incidental to the accident.

Defendants make no serious claim of contributory negligence.

The evidence established fact issues for the jury relative to the plaintiffs' claim that each of the defendants was negligent and that such concurring negligence was the proximate cause of the accident and the results thereof.

Obviously, the statutes having to do with the phases covered by those included in the Court's charge were applicable to the instant cases. Control of the vehicles involved; speed; lookout; right of way; these and various other factors were properly for consideration of the triers of the facts. Aside from the third automobile who faced the Bernhardt car at a stop before leaving the crossroad and turning towards the approaching Schwer car, there was no obstruction to the vision of both defendants, and the vicinity of the intersection was otherwise free of distracting circumstances.

The acts and conduct of the defendant drivers at the time here in question were, under the circumstances, to be judged, from the factual standpoint, by the jury.

Passion and prejudice in my opinion were not the basis for the verdicts returned for plaintiffs. While counsel may have been zealous in not overlooking persuasive jury argument, he did not go beyond the bounds of propriety.

Were the verdicts excessive? Counsel in support of claimed excessive-

ness cites illustrations from earlier cases. As said by this Court in Giles v. Chicago Great Western Railroad Co., D.C., 72 F. Supp. 493, 496, "Verdicts in other cases are not of much value as criteria in appraising the result reached in the instant case. Permissible differences in arriving at verdicts must be allowed between juries. The economics of the situation in the particular period involved should be considered. The amount of the verdict must be viewed in the light of what it is capable of purchasing." As said by the Supreme Court of Minnesota in Crouch v. Chicago Great Western Railroad Co., 172 Minn. 447, 216 N.W. 234, 237, "There cannot be a standard verdict." Again Chief Justice Loring speaking for the Court in Kauppi v. Northern Pacific Railway Co., 235 Minn. 104, 49 N.W.2d 670, emphasizes that the Court "takes judicial notice that the purchasing power of money has shrunk to a point where it becomes necessary to take such shrinkage into consideration when comparing present verdicts with those previously rendered."

To like effect see Swanson v. J. L. Shiely Co., 234 Minn. 548, 560, 48 N.W.2d 848, 855, where Chief Justice Loring added in 234 Minn. at page 553, 48 N.W.2d at page 851, "There is ample evidence of negligence on the part of both defendants and of such negligence having contributed proximately to plaintiff's injury." So in the case at bar there is ample evidence of negligence on the part of both defendants. Robert Kessen's verdict is moderate. That of his mother, Claire Kessen, is large and substantial in amount but is not excessive when pain, operations, broken bones in casts, double vision, a fractured cheek bone causing the left eye to appear abnormal, injuries permanent in nature and affecting earning capacity of the injured, are taken into consideration.

All things considered, I cannot say the verdicts are excessive.

The motions of defendants, and each of them, are denied and exceptions are allowed.