## Fetters v. Wagner

Before Shughart, P. J. and Jacobs, J.

*Garber & Garber*, for plaintiff.

*Myers, Myers & Plower* for defendant.

*Faller & Douglas*, for additional defendant.

SHUGHART, P. J., January 21, 1961.—The question before the court is whether the funeral expenses of decedent are a proper item of damages in a suit brought by the administratrix c.t.a. of decedent under section 603 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.603, commonly referred to as the Survival Act.

A proper understanding of the case requires a recital of the factual situation. Decedent, Jane Krozier, died as a result of an automobile accident which occurred on August 28, 1959. Immediately prior to the accident, decedent was riding as a passenger in an automobile operated by her husband, Michael Krozier, in an eastwardly direction on Route 11, Cumberland County. At the same time and place, defendant, Richard H. Wagner, was operating a motor vehicle in a westwardly direction on Route 11. The collision occurred when Michael Krozier made a left turn across the path of the Wagner vehicle to enter the parking lot of a restaurant along the highway.

The suit under the survival act was instituted against Richard H. Wagner. Thereafter, by appropriate action, Richard H. Wagner joined Michael Krozier, husband of decedent, as an additional defendant. The additional defendant filed a preliminary objection to plaintiff's complaint asking that the item of plaintiff's damages in the amount of $1,402.75 for the funeral expenses of decedent be stricken from the complaint. This has raised, for decision, the question set forth above.

At common law, no action or cause of action survived the death of plaintiff: Regan v. Davis, 290 Pa. 167, 171. This common-law rule has been changed in

modern times by statutory provisions. These statutory provisions are generally of two types: Wrongful death actions in which a cause of action has been given to certain designated persons who suffered pecuniary loss because of decedent's death, and survival actions which provide that the personal representative of decedent may institute an action to recover damages generally which decedent himself could have recovered had he survived.*

Our appellate courts have held that where the negligence of the surviving spouse caused the death of decedent, such spouse may not recover in a wrongful death action: Minkin v. Minkin, 336 Pa. 49, 54. On the other hand, it has been held that the negligence of a surviving spouse, who is the sole beneficiary of decedent's estate, does not in any way reduce the recovery of the personal representative of decedent's estate in a suit brought under the survival statute: Fisher v. Dye, 386 Pa. 141, 145. It is apparently for this reason

---

* The right of action in the widow of one whose death was caused by unlawful violence or negligence, where no suit was instituted by decedent in his lifetime, has existed in Pennsylvania since the Act of April 15, 1851, P. L. 669, sec. 19, 12 PS §1601. This right of action was extended to husbands, children or parents by the Act of April 26, 1855, P. L. 309, sec. 1, 12 PS §1602.

Section 28 of the Act of February 24, 1834, P. L. 70, 78, gave personal representatives the power to commence and prosecute all personal actions which the decedent might have commenced and prosecuted, "except actions for slander, for libels, and *for wrongs done to the person: . . .*" It was not until the Fiduciaries Act of June 7, 1917, P. L. 447, sec. 35(*b*), that there was any provision for the survival of an action where injuries wrongfully inflicted resulted in death. This act insofar as it authorized a new action by the personal representative was held to be unconstitutional because of a defective title in 1923: Strain v. Kern, 277 Pa. 209. The provision was reënacted by the Act of May 2, 1925, P. L. 442, the Fiduciaries Act of July 2, 1937, P. L. 2755, sec. 35(*b*), and by the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §§320.601 and 320.603. (Italics supplied.)

that a survival action was brought but no wrongful death action was instituted here.

There is no question of the right of recovery of funeral expenses as an element of damage in a wrongful death action. Section 1 of the Act of May 13, 1927, P. L. 992, 12 PS §1604, specifically so provides. There is no such provision for the recovery of funeral expenses in the statute providing for the survival action. In Pezzulli v. D'Ambrosia, 344 Pa. 643, Justice, later Chief Justice, Stern held that the measure of damages under the survival action are those damages to which deceased would be entitled had he survived until verdict and judgment. The court said that the funeral expenses were properly recoverable in the wrongful death action and not in the survival action. See also 3 Goodrich-Amram §2201-39.

In Ferne v. Chadderton, 363 Pa. 191, Mr. Justice, later Chief Justice, Stern said, at page 197:

"Under the Survival Statute the administratrix was entitled to recover for the loss of decedent's earnings from the time of the accident until the date of his death, and compensation for his pain and suffering during that period. Recovery may also be had for the present worth of his likely earnings during the period of his life expectancy, but diminished by the amount of the provision he would have made for his wife and children as above stated (thus avoiding duplication: Pezzulli, Administrator, v. D'Ammbrosia, 344 Pa. 643, 650, 26 A. 2d 659, 662) and diminished also by the probable cost of his own maintenance during the time he would likely have lived but for the accident: Murray, Administrator, v. Philadelphia Transportation Co., 359 Pa. 69, 73, 74, 58 A. 2d 323, 325."

Once again the damages recoverable under the Survival Act were listed without including an element for funeral expenses.

At the same session in 1937 when the legislature provided in the Fiduciaries Act for the institution of the survival action, it amended the Wrongful Death Act, thereby indicating that while the two actions may be maintained in many situations, the elements of recovery are different and there may be no duplication: Pezzulli v. D'Ambrosia, supra. Further, in the amendment to the Wrongful Death Act of April 1, 1937, P. L. 196, 12 PS §1602, the legislature provided that if none of the relatives enumerated in the act survived decedent, "then the personal representative shall be entitled to recover damages for reasonable hospital, nursing, medical, *funeral expenses*, and expenses of administration necessitated by reason of injuries causing death". (Italics supplied.)

We feel that by this provision the legislature clearly expressed its intention that funeral expenses be recovered as part of the damages in a wrongful death action, because it provides for their recovery in such action even though none of the relatives enumerated in the statute are available to bring suit for them. Since the provisions of the Fiduciaries Act, supra, are silent in this regard, we conclude that the funeral expenses are not recoverable in the Survival Act.

Counsel for plaintiff has cited Burns v. Goldberg, 210 F. 2d 646 (1954), as sustaining his right to recover the funeral expenses in this suit. In the Burns case, the trial judge did instruct the jury that there could be a recovery of the funeral expenses as a part of the award under the survival suit. It does not appear that there was any objection by defendant to this instruction at the time of trial and this matter is not discussed in the opinion of the circuit court. Under the circumstances, the case cannot be considered as determinative of the issue in this case.

The authority of the Burns case for the proposition relied upon by plaintiff is further weakened by the

fact that in two Federal District Court cases decided since the Burns case, funeral expenses were held to be recoverable in the wrongful death action and not in the survival action: Kowtko v. Delaware & Hudson Railroad Corporation, 131 F. Supp. 95, 103 (Middle District of Pennsylvania, 1955); Fabrizi v. Griffin, 162 F. Supp. 276 (Western District of Pennsylvania, 1958).

Our courts have uniformly held that a surviving husband is liable for the funeral expenses of his deceased wife where the parties are living together at the time of her death: Mitchell's Estate, 79 Pa. Superior Ct. 208; Koska Estate, 176 Pa. Superior Ct. 519. Recently it has been held that this liability is unchanged by the fact that the husband is separated from his wife and under a court order for her support: Samuels v. Hirz, 189 Pa. Superior Ct. 492. In the Samuels case, the court held that the daughter of deceased wife could recover the hospital expenses of her last illness and the funeral expenses from the husband of decedent in an action in assumpsit.

It would seem, therefore, that if the purpose of the instant suit is to collect the funeral bill from the husband, there exists another remedy. On the other hand, if the real objective here is to force the husband's insurance carrier to pay the funeral expenses, thereby relieving him of this obligation, the net result would be that he would benefit from his own wrongdoing. This would be against public policy. The surviving husband cannot recover under the Wrongful Death Act where his negligence caused the death of his spouse: Minkin v. Minkin, supra. To permit him to recover funeral expenses in the survival action would simply permit him by indirection to do that which he could not do directly. This is an additional reason why the funeral expenses should not be recoverable in this case.

No case has specifically ruled on the question, but for the reasons given we conclude that funeral expenses of decedent would be a proper element of damages in a wrongful death action, but the same are not recoverable in this survival action.

*Order of Court*

And now, January 21, 1961, at 10 o'clock a.m., the additional defendant's preliminary objection is sustained and the item of damages for the funeral expenses of decedent are stricken from the complaint. An exception is noted for plaintiff.