**Raymond C. JACOBSON, Plaintiffs,**

v.

**Clair HULLINGER, Defendant.**

**Civ. No. 6-60-171.**

United States District Court
D. Minnesota,
Sixth Division.

Sept. 27, 1961.

Herbert E. Olson, Bemidji, Minn., for plaintiff.

Rosengren, Rufer, Blatti & Hefte, by Gerald S. Rufer, Fergus Falls, Minn., for defendant.

DONOVAN, District Judge.

This diversity action arises out of a collision between the motor vehicles operated by plaintiff and defendant as they drove toward each other on a narrow dirt road bordered by brush. Each driver was engaged in a Samaritan-like search for a missing boy, the son of a neighbor. The day was clear. The road was dry. Plaintiff's view was unobstructed as far as a curve ahead. He heard no horn sounded by defendant who approached around a curve on said road. Plaintiff was familiar with the road and knew of the curve ahead of him. Plaintiff testified that when he first observed the defendant's car coming toward him, it was in the middle of the road. Plaintiff was proceeding slowly and cautiously. With the impact impending, plaintiff warned his passengers to "hold on we are going to hit him." At the time of the collision, plaintiff had his car as far to the right as possible. Plaintiff sustained personal injuries and damage to his car. Defendant admits he did not sound his horn and that he did not see plaintiff's car before the impact.

The foregoing will suffice to demonstrate that the accident to and damage

sustained by plaintiff in the present case is based on the collision of two cars proceeding in opposite directions upon a narrow country road.

The charge to the jury submitted pertinent excerpts of the Highway Traffic Regulation Act of Minnesota [1] together with the Minnesota law of negligence applicable in this type of tort case.[2]

The jury's verdict was for defendant. Plaintiff has moved in the alternative for judgment in his favor, and if that be denied, for a new trial upon the following grounds:

1. The verdict is contrary to law.

2. The verdict is contrary to the evidence.

3. Errors of law.

■ Is the verdict contrary to the evidence in this negligence case? Manifestly not. Plaintiff and defendant testified to cause and effect of the accident. The test of liability and non-liability is based on the exercise of ordinary care by the parties in view of all the facts and circumstances in evidence. The occurrence of the accident is undisputed. The determination of the questions of negligence, contributory negligence and proximate cause under the evidence of the case at bar were fact questions for determination by the jury. Whose negligence proximately caused the collision and ensuing damage? The issue for the jury was simply the allocation of cause.

Is the verdict contrary to law? Obviously, the Minnesota statutory law included in the Court's charge was pertinent to the case and agreed to by the parties as applicable.

Counsel agreed prior to the charge to the jury that state laws having to do with the control of motor vehicles operated on Minnesota highways, which governed speed, lookout, warnings, driving to the right of the middle of the traveled road, care on meeting approaching traffic, reducing speed upon approach to curves and when traveling upon narrow and winding roadways and defiles, as portrayed by the facts of the instant case, and all like factors, were appropriate matters for consideration by the triers of the facts.[3]

In a case of this character, the jury could very properly arrive at the verdict returned, basing it on concurring negligence of both defendants.[4]

■ Does the record disclose prejudicial error? Review of the Court's notes at trial and the instructions to the jury satisfies me that the record is free from error. In the last analysis, negligence and proximate cause herein are jury questions and the jury verdict must be viewed in a light most favorable to sustaining it. The jury having found the issues in favor of the defendant, the trial Court must accept as true all facts which the evidence reasonably tended to prove and the victor is entitled to all favorable inferences which may be reasonably drawn from the evidence and circumstances proven.[5]

The conflict in the evidence was such that despite plaintiff's burden of proof, the record would permit a verdict for plaintiff to stand. The jury has spoken in support of defendant's factual view-

---

1. Minnesota Statutes Annotated §§ 169.01, 169.14 Subdivisions 1 and 3, 169.18 Subdivisions 1 and 2, 169.38, 169.-68 and 169.96.

2. Plaintiff's burden of proof; definition of negligence; contributory negligence and proximate cause.

3. Kessen v. Bernhardt, D.C.Minn., 157 F. Supp. 652.

4. See opinion of Chief Justice Loring in Swanson v. J. L. Shiely Co., 234 Minn. 548, 48 N.W.2d 848, 851.

5. Elzig v. Gudwangen, 8 Cir., 91 F.2d 434; Railway Express Agency v. Mackay, 8 Cir., 181 F.2d 257, 259; Mounds Park Hospital v. Von Eye, 8 Cir., 245 F.2d 756, 759, 70 A.L.R.2d 335; Ford Motor Company v. Zahn, 8 Cir., 265 F.2d 729; W. Hodgman & Sons, Inc. v. Motis, 8 Cir., 268 F.2d 82; Altrichter v. Shell Oil Company, D.C.Minn., 161 F.Supp. 46.

point. The Court is precluded from interfering therewith.

Plaintiff's motion must be and the same is denied.

It is so ordered.

Plaintiff is allowed an exception.