Louise **BLACKBURN,** Administratrix of the Estate of Albert A. Blackburn, deceased, Plaintiff,

v.

The **AETNA FREIGHT LINES, INC.,** a corporation, Defendant.

Civ. A. No. 63–989.

United States District Court
W. D. Pennsylvania.

Feb. 15, 1966.

---

Robert B. Ivory, Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiff.

Frederick N. Egler, Egler, McGregor & Reinstadtler, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge:

This is an action under the Pennsylvania Wrongful Death Statute, 12 Pa. P.S. §§ 1601–1604, and Survival Statute, 20 Pa.P.S. § 320.601 et seq., arising out of an automobile accident in which the husband of the fiduciary plaintiff and father of the minor son was instantly killed at the age of fifty-seven.[1]

---

[1] Verdict was returned under the Wrongful Death Statute in the amount of $80,-000.00, and under the Survival Statute in the amount of $22,000.00. No conscious pain and suffering was established as a matter of law.

There is no question but what liability exists.

The matter before the Court is a Motion for New Trial solely as to damages.

It is claimed the verdicts under each of the statutes were excessive and based on conjecture and not supported by probative evidence; that evidence as to the projection of the deceased's economic horizon and his intentions relative thereto was improperly admitted, and that evidence as to the maintenance of the deceased and his intentions as to the education of his son was not supported by probative evidence.

## SURVIVAL ACTION

Trial by jury is no litmus test for finding what is true or false but it is the system which we have. Twelve responsible citizens, under oath, sworn to give their verdict under law and evidence, have decided the fact issues.

■ The Court is not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions, or because the Court regards another result as more reasonable. Tennant v. Peoria & P. U. R. Co., 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520; Masterson v. Pennsylvania R. Co., 182 F.2d 793 (3 Cir.); Thomas v. Conemaugh & Black Lick R. Co., 234 F.2d 429 (3 Cir.).

■■ Verdicts in other cases are not of much value as a criteria in appraising and evaluating whether a verdict is or is not exhaustive. Permissible differences in arriving at verdicts must be allowed by juries. The economics of the situation in the period involved should be considered. The amount of the verdict must be received in the light of what it is capable of purchasing. There cannot be a standard verdict. Kessen v. Bernhardt, D.C., 157 F.Supp. 652.

■ While an award might be high, it should stand if there is ample evidence to justify it. It is not the trial court's prerogative to arbitrarily substitute its judgment for that of the jury. Trowbridge v. Abrasive Co. of Philadelphia, 190 F.2d 825 (3 Cir.); Lebeck v. William A. Jarvis, Inc., 250 F.2d 285 (3 Cir.); Thomas v. Conemaugh and Black Lick R. Co., supra.

■ Under the Survival Statute of Pennsylvania damages are predicated upon the earnings of the deceased person which would have been earned during the period of his work life expectancy less the probable cost of his maintenance, said amount being reduced to its present worth. Fabrizi v. Griffin, D.C., 162 F. Supp. 276, at 277.

The record bespeaks an unusual degree of frugality and dedication to business interests on the part of the decedent, who confined his life to the elementary amenities of living, devoid of entertainment or any type of expense that could be considered a luxury.

## WRONGFUL DEATH STATUTE

■ In determining the pecuniary compensation to which the wife and her minor son are entitled, the measure of damage is the present worth of the amount of money which could reasonably be expected the husband would have given to his wife and minor child had he lived, plus the present value of the services upon which an actual money value could not be placed for services that could be reasonably anticipated, based on past actions that the husband would render to his wife and minor son. From this amount, however, there must be deducted the approximate cost of the husband's maintenance which he would have expended from his likely earnings as well as incidental items which he probably would have expended. Also, the frugality, industry, usefulness and attention which an attentive husband renders to a wife and son are greater than those of an ordinary servant, and, therefore, worth more. These elements are not to be excluded from the consideration of a jury in awarding an amount for the pecuniary loss sustained. Fabrizi v. Griffin, supra.

■ Upon examination and a meticulous review of the record, viewing the

verdict in the overall setting of the trial and giving due and careful consideration to all the evidence, it is incumbent upon the trial judge to abstain from interfering with the verdict unless it is quite clear that the jury has reached a seriously erroneous result. Lind v. Schenley Industries, Inc., 278 F.2d 79 (3 Cir.).

The declarations and discussions which the deceased husband had with his wife as to his intentions in his business enterprises, in which he expressed his state of mind, are admissible. Nuttall v. Reading Co., 235 F.2d 546 (3 Cir.).

I conclude that substantial probative evidence exists in the record from which the jurors could have determined the probable cost of the decedent's maintenance during his life expectancy, and, therefore, the decision of Curnow v. West View Park Company, 337 F.2d 241 (3 Cir.) is not applicable.

I believe that under all the credible evidence justice sustains a right of recovery in the amount of $22,000 under the Survival Statute and in the amount of $80,000 under the Wrongful Death Statute.

An appropriate Order is entered.