Bernard R. COSGRIFF, Plaintiff,

v.

CHICAGO & NORTHWESTERN RAIL-
WAY COMPANY, a corporation,
Defendant.

Civ. No. 3-65-82.

United States District Court
D. Minnesota,
Third Division.

June 17, 1966.

Eugene A. Rerat and Frank L. Brady, Minneapolis, Minn., for plaintiff.

Stringer, Donnelly & Sharood, by Richard A. Rohleder, St. Paul, Minn., for defendant.

## MEMORANDUM ORDER

DONOVAN, Senior District Judge.

In this case plaintiff by jury verdict was awarded damages in his favor and against defendant Chicago & Northwestern Railway Company, a corporation, in the amount of $75,000.00.

The matter now is before the Court on defendant's motion for a new trial on the issue of damages only on the following grounds:

1. The verdict is contrary to the evidence;

2. The verdict is contrary to law;

3. Excessive damages appearing to have been awarded under the influence of passion and prejudice.

The pleadings and the evidence at trial disclose that plaintiff graduated from high school in 1944 and worked on his father's farm in Minnesota from then on until he entered the service in the United States Army in 1950, where he was honorably discharged with the rank of corporal. After different types of employment, he entered the service of defendant railroad on July 12, 1953, as a brakeman. At the time of the accident and injury met with by plaintiff on July 18, 1964, he describes his work as that of a "switchman's helper" in defendant's railroad yards in Mankato, Minnesota. The accident occurred during the course of plaintiff's employment in what he describes as the new yard in North Mankato at approximately 2:15 in the morning of said

July 18. Plaintiff testified that he was descending the ladder of a car in the customary manner when a ladder rung or grab iron which he took hold of broke off and precipitated him backwards, with the defective grab iron in his hand, and as he fell his back contacted a metal switch stand before he landed on his back on the ground alongside defendant's tracks.

It is undisputed that a violation of the Safety Appliance Act exists in the case at bar and that plaintiff sustained personal injury. The medical experts for plaintiff and defendant disagree as to the effect of the injury met with by plaintiff and the extent of disability sustained by reason thereof, and as to whether his injury would or would not permit him to continue to work as a railroad brakeman. Plaintiff's medical witnesses, Dr. A. Ross Lerner and Dr. Leonard Titrud, diagnosed a low back disc injury affecting plaintiff's spine and right leg and a possible leaking of disc material, resulting in permanent injury and disability to plaintiff and preventing him from carrying on the type of employment he was engaged in at the time of the accident. Defendant's medical expert was Dr. Donovan McCain, an orthopedic surgeon who thoroughly examined plaintiff before trial and concluded plaintiff sustained an injury to the lower back and recommended "traction" together with a plaster body cast and return to work. Dr. McCain was of the opinion that there was no disc injury, but there was what is termed an anomaly arising out of a congenital condition and resulting degeneration of the disc that occurred during a period of years before the accident of July 18, 1964. Dr. McCain concluded that plaintiff can do regular railroad work.

Contra, plaintiff testified that he cannot perform heavy labor such as required of a railroad brakeman.

The foregoing reflects the disputed questions of fact.

Defendant admits the grab iron or ladder rung was defective in violation of the Safety Appliance Act.[1]

Defendant contends that the verdict of $75,000.00 for plaintiff returned by the jury is excessive in such an amount as to require the granting of its motion for a new trial on the ground that it reflects passion and prejudice.

Does the record disclose passion or prejudice? Is the verdict excessive?

Experienced counsel, who conducted themselves throughout in an able and lawyer-like manner, appreciated that the problem was to attain a just result. Plaintiff's counsel presented the case for his client with customary vigor and persuasive jury argument, at no time exceeding the bounds of lawful courtroom propriety. Hence passion and prejudice, in my opinion, did not invite the verdict arrived at.

The 39-year-old plaintiff had a life expectancy of 32.64 years. He testified what his earnings were as a railroad brakeman and that the nature of his injuries prohibited his continuing in that type of work. He tried driving a bus and other types of employment. He did not appear to be a malingerer though claim was made that he was.

■ Is the verdict excessive? Based on the facts and evidence it is not excessive. It is not unlawful or unusual for juries to be mindful of the economics of the factual situation, in the light of what money is capable of purchasing. In this respect there is no standard verdict.[2]

True, the verdict is large. The jury is entitled to believe that plaintiff is the

1. 45 U.S.C. § 4:
   "Until otherwise ordered by the Interstate Commerce Commission, it shall be unlawful for any railroad company to use any car in interstate commerce that is not provided with secure grab irons or handholds in the ends and sides of each car for greater security to men in coupling and uncoupling cars."

2. Crouch v. Chicago Great Western R.R. Co., 172 Minn. 447, 216 N.W. 234, 237; Kauppi v. Northern Pacific Ry. Co., 235 Minn. 104, 49 N.W.2d 670.

best judge of conscious pain and suffering as well as his ability to work following the type of injury here involved.

■ It was for the jury, as the triers of the facts to judge the credibility of the testimony given by the parties and their witnesses. On the motion herein made to set aside the verdict and grant a new trial, the Court must view the evidence and inferences reasonably to be drawn therefrom in the light most favorable to the verdict returned for plaintiff.[3] Mere disbelief of testimony does not affect disposition.[4]

■ The granting of a new trial presupposes error occurring during the trial. In the opinion of the Court, the record of the present case is free from prejudicial error or evidence of passion that would support the setting aside of the verdict as excessive.

The motion of defendant is denied.

It is so ordered.

Defendant is allowed an exception.

---

3. Railway Express Agency v. Mackay, 8 Cir., 181 F.2d 257, 259, 19 A.L.R.2d 1248.

4. N. L. R. B. v. Joseph Antell, Inc., 1 Cir., 358 F.2d 880, 883.