## HOWARD BEVANS, Plaintiff

v.

## JAMES TRIUMPHO, Defendant

Civil No. 861/1979

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

November 13, 1980

---

GEORGE MARSHALL MILLER, ESQ., St. Thomas, V.I., *for plaintiff*

BERNARD VAN SLUYTMAN, ESQ., St. Thomas, V.I., *for defendant*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION AND JUDGMENT

Post-trial motions following a jury verdict for the plaintiff in the sums of $500 in nominal damages and $4,500 in punitive damages are before the court. The defendant, James Triumpho, moves for a new trial or reduction of the awarded damages through remittitur pursuant to Rule 59(a) and (b) of the Federal Rules of Civil Procedure and Rule 50 of the civil rules of this court. 5 V.I.C. App. I, R. 59(a) and (d) (1966) and 5 V.I.C. App. IV, R. 50 (1966). Howard Bevans, the plaintiff, opposes this motion and requests indemnification for attorney's fees. The amount of requested attorney's fees is opposed by Triumpho.

### Defendant's Motion for New Trial or Remittitur

Triumpho states that evidence adduced at trial of racial remarks he made at the time of the alleged assault were given undue weight by the jury. As a result, he apparently argues that the jury's punitive damage award was meant to punish him for making racial epithets, regardless of his liability for the assault. He therefore requests a new trial. Alternatively, Mr. Triumpho contends that the jury awards were excessive and should be reduced through remittitur.

██ Racial epithets allegedly made by Triumpho came into evidence on isolated occasions, and without objection by Triumpho.

146

While the possibility of this evidence being adduced was briefly discussed at the pretrial conference, no motion to exclude it was made then and no mention of this evidence was made in the court's July 9, 1980 pretrial order. No pretrial motion to exclude the evidence or objection to the pretrial order followed the pretrial conference. Consequently, in the absence of any objection at the time this testimony came into evidence or a request for a cautionary instruction, there is no error. Fed. R. Evid. 103(a)(1). Moreover, if the court erred in permitting this evidence to be heard by the jury, a new trial would be warranted only if the error was so fundamental that gross injustice resulted. C. Wright and A. Miller, Federal Practice and Procedure, Civil § 2805, p. 39 (1973). Triumpho's grounds for a new trial or remittitur do not come anywhere near that standard.

■ The jury had ample evidence to find Triumpho liable for assault and to award punitive damages of $4,000. There was testimony that Triumpho pointed a gun to Bevans' head. In contrast, the evidence of racial epithets was heard only in isolated instances, and was not argued to the jury by counsel. The court specifically instructed the jury that neither prejudice nor sympathy for either party was to influence the jury verdict in any way.

■ The trial was simple and the facts were easily understood by the jury, whose main function was merely to determine the veracity of the witnesses. Apparently the jury simply gave greater weight to Mr. Bevans and his witnesses than to Mr. Triumpho's case. Consequently, it would be error to disturb the jury's finding of liability. Lind v. Schenley Industries, Inc., 278 F.2d 79 (3d Cir. 1960), cert. denied, 364 U.S. 835 (1960); Parsons v. Doctors for Emergency Services, 81 F.R.D. 660 (D. Del. 1979); and Posttape Associates v. Eastman Kodak Company, 68 F.R.D. 323 (E.D. Pa. 1975).

■■ The evidence also amply supports the jury award of punitive damages, despite Mr. Triumpho's contention that it is excessive. "As this Circuit has frequently reiterated, while an award may be high, it should stand if there is ample evidence to justify it. It is not [the] prerogative [of the court] to arbitrarily substitute [its] judgment for that of the jury." Grove v. Dunn & Bradstreet, Inc., 438 F.2d 433, 440 (3d Cir. 1971), quoting Fabrizi v. Griffin, 162 F.Supp. 276, 279 (W.D. Pa. 1958). The court has no reason to disturb this award. To the contrary, assuming that the jury credited Bevans' evidence that, without any justification, Triumpho pointed a gun at Bevans' head in broad daylight in front of a laundry on a public street, the jury's award of punitive damages seems com-

pletely reasonable. A jury understandably would be repulsed by such reckless and malicious conduct and would believe the actor should be punished.

■■ The jury did err, though, when it awarded $500 in nominal damages, and that award must be reduced from $500 to $1. As a matter of law, nominal damage awards cannot exceed one dollar in this jurisdiction. United States ex rel. Tyrrell v. Speaker, 535 F.2d 823 (3d Cir. 1976), Creque v. Cintron, Civil No. 377/1979 (Terr. Ct., Div. St. T. & St. J., May 16, 1980). No remittitur and offer of new trial is required because the award of $500 is legally void. C. Wright and A. Miller, supra, § 2815, p. 99. Cf. Creque, supra.[1] Accordingly, the Judgment will be amended to include $1 in nominal damages pursuant to Fed. R. Civ. P. 59(e), 5 V.I.C. App. I, R. 59(e) (1966).

## Plaintiff's Request for Attorney's Fees

■ An award of attorney's fees is properly made to Bevans as the prevailing party, but this decision as well as the amount of such an award are a matter of judicial discretion. 5 V.I.C. § 541 (1967). See, e.g., Estien v. Christian, 11 V.I. 464, 507 F.2d (3d Cir. 1975). In making an award of attorney's fees the "lodestar" should first be established by determining the number of hours worked by counsel and the value of his services. Lindy Brothers, Inc. v. American Radiator & Standard Sanitary Corp., 484 F.2d 161 (3d Cir. 1973). Multiplication of counsel's normal hourly billing rate and the hours worked on the case establish this lodestar, but the court must also consider the presence of a contingent fee arrangement and the quality of the services rendered. Id. at 168. Finally, the court must note that the policy behind 5 V.I.C. § 541 (1967) is not one of total indemnification, but only to award a prevailing party a fair and reasonable portion of his attorney's fees. Lucerne Investment Co. v. Estate of Belvedere, Inc., 411 F.2d 1205 (3d Cir. 1969); Vitex Manufacturing Co. v. Wheatley, 12 V.I. 527, 70 F.R.D. 588 (D.V.I. 1976).

■ Counsel's affidavit states that he devoted thirty-three and one quarter hours to this case, and that his normal billing rate is

---

[1] Based on the record and the fact that the court specifically instructed the jury on nominal, compensatory, and punitive damages, as well as the fact that the jury asked whether it could award punitive damages without an award of either nominal or compensatory damages, the court does not believe a new trial or remittitur is in order on the remote possibility that the jury meant compensatory when it awarded nominal damages. Cf. United States ex rel. Tyrrell v. Speaker, supra.

148

$75 per hour. Fourteen hours spent in trial are deducted, however, because trial time is compensated separately at a maximum rate of $650 per day. Kane v. United States, Civil No. 79-3 (D.V.I., Div. St. T. & St. J., October 22, 1980) and Kline v. Foster House, Inc., Civil No. 235-78 (D.V.I., Div. St. T. & St. J., October 16, 1980). The lodestar here is therefore nineteen hours preparation at a rate of $75 per hour, plus compensation for one and one-half days in trial ($975): $2,400.

This figure is adjusted downward due to the reasonableness of the contingent fee agreement and the likelihood of success as well as the simple nature of this case. The value of the attorney's work is affected by the quality of that work. This is properly determined from, inter alia, the complexity and novelty of issues raised in the case. Lindy, supra. This action was of the most basic type of intentional tort actions, and was properly accepted pursuant to a reasonable contingent fee arrangement. For these reasons, the court limits the recovery of fees to the maximum entitled under the reasonable bargain struck between Bevans and his counsel: $1,500.

Bevans' costs are also awarded to him as stated in his counsel's affidavit: a filing and service fee of $15, and subpoena fees for three witnesses which total $100. Wherefore it is

ORDERED that defendant's motion for a new trial is denied; and it is further

ORDERED that defendant's motion for remittitur is denied, and it is further

ORDERED that the jury's award of nominal damages is reduced from $500 to $1, and it is further

ORDERED that judgment be and hereby is granted to plaintiff Howard Bevans against the defendant, James Triumpho, in the amount of $4,501, $1 in nominal damages and $4,500 in punitive damages, and it is further

ORDERED that plaintiff shall be indemnified for his attorney's fees in the sum of $1,500.00, together with $115 as his costs.

## ORDER

The memorandum opinion and Judgment entered on November 13, 1980 is amended as follows:

a. Page 3, line 33, the citation to Lindy Brothers, Inc. v. American & Standard Sanitary Corp. which now reads 484 F.2d 161 (3d Cir. 1973) is changed to 540 F.2d 102 (3d Cir. 1976).

b. Page 4, line 4, the citation now reads: Id. at 168, is changed to Id. at 116–117.