**RITA CREQUE, Plaintiff**

**v.**

**SOFARELLI ASSOCIATES, INC., Defendant**

Civil No. 471/1982

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

December 2, 1983

---

[1] This defense is reasserted in an affidavit in support of the motion and remains uncontradicted.

JOEL H. HOLT, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

JAMES L. HYMES, III, ESQ., St. Thomas, V.I., *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

In this Civil action for damages, trial was before the Court and Judgment was rendered that plaintiff take nothing against defendant Sofarelli Associates, Inc.

As the prevailing party, defendant Sofarelli filed with this Court a Bill of Costs representing proposed trial preparation expenses (i.e., attorneys fees) and out-of-pocket costs incurred in defense of this action, pursuant to 5 V.I.C. § 543. Plaintiff timely filed her opposition to defendant's Bill of Costs.

 The attorney of record for defendant Sofarelli Associates, Inc., attached his affidavit which included, inter alia, the total hours expended by him on behalf of defendant. The hours of preparation were broken down by events and listed on a prepared schedule, and the total hours amounted to 40.10. After careful consideration of this schedule, this Court believes that the indemnification requested is

mildly excessive. The criteria for consideration in determining attorneys fees are the time and labor required, the novelty and difficulty of the questions involved, the skill requisite properly to conduct the cause, the customary charges of the bar for similar services, the amount involved in the controversy, the benefits resulting to the client from the services, and the contingency or certainty of the compensation. Lucerne Investment Company v. Estate Belvedere, Inc., 7 V.I. 242, 411 F.2d 1205 (3rd Cir. 1969). Following these guidelines, this Court feels that from defendant's attorney's proposed schedule, 29.55 hours should be allowed for trial preparation. The policy behind 5 V.I.C. § 541 (1967) is not [necessarily] one of total indemnification, but only to award a prevailing party a fair and reasonable portion of his attorney's fee. Bevan v. Triumpho, 17 V.I. 144 (Terr. Ct., Div. St. T. and St. J., 1980).

■■ The Court will also disallow certain of defendant's attorney's out-of-pocket expenses. Defendant's attorney seeks reimbursement for round-trip airfare to and from St. Croix from St. Thomas. This expense is disallowed, as defendant elected to retain counsel from St. Thomas and plaintiff should not be penalized for this cost, especially absent defendant showing the necessity of procuring off-island counsel. Furthermore, attorney for defendant has requested reimbursement for photocopying in the amount of $32.00 which will be disallowed. While 5 V.I.C. § 541(5) allows the costs of copying documents *used as evidence*, defendant has not shown that these photocopies were anything other than regular office expenses.

Accordingly, defendant Sofarelli Associates, Inc., as the prevailing party is entitled to 29.55 hours of attorney's fees at $85.00 per hour, totalling $2,511.75 and out-of-pocket costs in the amount of $135.35, for a total award of $2,647.10.

## ORDER AWARDING COSTS AND ATTORNEY'S FEES

For the reasons set forth in Memorandum Opinion filed on even date herewith, it is

ORDERED, ADJUDGED AND DECREED that defendant be and it hereby is awarded costs in the sum of $135.35 and attorney's fees in the sum of $2,511.75, as the prevailing party, for a total amount of $2,647.10.