**GEORGE ALEXANDER, Plaintiff**

v.

**DAVID MONTOUTE, Defendant
and Third-Party Plaintiff**

v.

**EDWIN MARTINA and ED AND CAM ASSOCIATES, INC.,
Third-Party Defendant**

Civil No. 313/1982

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

December 8, 1983

DOUGLAS A. BRADY, ESQ. (ALFRED AND BRADY), Christiansted, St. Croix, V.I., *for plaintiff*

GERALD T. GRONER, Christiansted, St. Croix, V.I., *for plaintiff*

EDWARD OCEAN, ESQ., Christiansted, St. Croix, V.I., *for defendant/ third-party plaintiff*

ESZART WYNTER, ESQ. (FORD AND WYNTER), Frederiksted, St. Croix, V.I., *for third-party defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

In this Civil Action for Damages tried before the Court, Judgment court hours. For out-of-court preparation the attorney seeks $125.00 per hour, while seeking $150.00 per hour in-court. After carefully considering the attorney's affidavit, this Court believes that the times and amounts are excessive.
ance claim.

As defendant has prevailed on his third-party claim, he filed with the Court a Motion for Attorney's Fees pursuant to 5 V.I.C. § 543. Third-party defendant opposes the attorney's fees prayed for as being excessive. The attorney of record for defendant has submitted his affidavit listing the total hours expended by him on behalf of defendant. The hours of preparation were broken down by event, the total amounting to 17.5 out-of-court hours and additionally 6 in-court hours. For out-of-court preparation the attorney seeks $125.00 per hour, while seeking $150.00 per hour in-court. After carefully considering the attorney's affidavit, this Court believes that the times and amounts are excessive.

■■ The criteria for consideration in determining attorney's fees are the time and labor required, the novelty and difficulty of the questions involved, the skill requisite properly to conduct the cause, the customary charges of the bar for similar services, the amount involved in the controversy, the benefits resulting to the client from the services, the contingency or certainty of the compensation. Lucerne Investment Company v. Estate Belvedere, Inc., 7 V.I. 242, 411 F.2d 1205 (3rd Cir. 1969). Following these guidelines, this Court feels that on the basis of the defendant's attorney's affidavit, 10.5 hours should be allowed for out-of-court preparation. The policy behind 5 V.I.C. § 541 (1967) is not [necessarily] one of total indemnification, but only to award a prevailing party a fair and reasonable portion of his attorney's fees. Bevan v. Triumpho, 17 V.I. 144 (Terr. Ct., Div. St. T. and St. J., 1980).

■ Furthermore, this Court believes that the hourly rates requested by attorney for third-party plaintiff are mildly excessive

and should be modified. The value of an attorney's time *generally* is reflected in his normal billing rate. Estien v. Christian, 11 V.I. 464, 467 (3rd Cir. 1975) citing Lindy Bros. Bldrs., Inc. of Phila. v. American R & S San. Corp., 487 F.2d 161 (3rd Cir. 1973). However, by harmonizing the guidelines of Lucerne Investments with Estien, this Court concludes that a reasonable attorney's fee for out-of-court preparation of this trial is $75.00 per hour, $500.00 per diem in Court. This Court will award third-party plaintiff 10.5 out-of-court hours at $75.00 per hour or $787.50 and one day in court at $500.00 per diem or $500.00, which totals $1,287.50.

## ORDER

For the reasons set forth in Memorandum Opinion filed on even date herewith, it is

ORDERED, ADJUDGED AND DECREED that defendant/third-party plaintiff be and it hereby is awarded attorney's fees in the sum of $787.50 out-of-court costs and $500.00 in court costs, as the prevailing party, for a total amount of $1,287.50.